FILED
NOV 1 5 2007
NOV 15 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III, )
)
*Petitioner,* )
)
-vs- )
)
ROGER E. WALKER, JR., Director of the )
Illinois Department of Corrections, )
*in his official capacity*; THE ILLINOIS )
DEPARTMENT OF CORRECTIONS; and )
LISA MADIGAN, *in her official capacity* )
as ATTORNEY GENERAL for the )
PEOPLE OF THE STATE OF ILLINOIS, )
)
*Respondents.* )

**07CV6484
JUDGE ST EVE
MAG. JUDGE BROWN**

**MAGISTRATE JUDGE:**

*Related Case Number 06 C 7026*
*Honorable Amy J. St Eve, Presiding*
*Disposed of on December 28, 2006*

## VERIFIED PETITION FOR HABEAS RELIEF

*NOW COMES PETITIONER*, Lamar C. Chapman III, Non-Attorney, Non-

Lawyer, *Pro Se*, and pursuant to 28 U.S.C., Section 2254, *et seq.,* Rule 9(d) of the

Federal Rules of Civil Procedure, and Amendments Fourteen, Five, Six and Eight of the

United States Constitution, *et seq.,* U.S.C.A., 14, 4, 5, 6 and 8, respectfully moves this

Honorable Court for an Order of Court for the immediate release of Petitioner from all

forms of unconstitutional state custody of the State of Illinois, specifically the Illinois

Department of Corrections, and in support of this Petition, Petitioner states as follows:

### I.

### INTRODUCTION

Petitioner is no stranger to official misconduct and has been an outspoken

advocate for civil rights for the past twenty-three (23) uninterrupted years. Petitioner has

been victimized, unlawfully targeted and treated with indifference, incarcerated, and

imprisoned on three (3) separate occasions only because of the color of his skin (African-

American) and only because of his "*vexatious*" and outspoken political point of view.

Petitioner hereby petitions this Honorable Court for habeas corpus relief, attacking the constitutionality of the November 15, 2006, state court jury verdict and conviction for possession of a stolen motor vehicle and criminal trespass to a motor vehicle for which petitioner is currently in state custody. The Non-Attorney, Non-Lawyer, *Pro Se*, Petitioner makes a collateral review to confirm the propriety of the state court proceedings in view of the Petitioner's rights under the United States Constitution. See 28 U.S.C.A., Section 2254(d).

The Petitioner has fully and fairly presented his claims to the state appellate courts; has given the state courts a meaningful opportunity to consider the substance of Petitioner's claims as set forth herein; and has exhausted all of his state court remedies including a direct appeal, without a ruling from the Illinois Appellate Court. See, *Bintz v. Bertrand*, 403 F. 3d 859, 863 (7th Cir. 2005); and *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

In accordance with Section 2244(d) (1) of the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), this Petition is respectfully renewed on the anniversary of the one-year tolling of the statute of limitations. See, *Araujo v. Chandler*, 435 F. 3d 678, 680 (7th Cir. 2005); *Gray v. Biley*, 305 F. 3d 777, 778 (7th Cir. 2002); *Powell v. Davis*, 415 F. 3d 721, 723-24 (7th Cir. 2006); *Dolis v. Chambers*, 454 F. 3d 721, 723-24 (7th Cir. 2006) and *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). See, the *December 12, 2006, Order of Court, Honorable Amy J. St. Eve, attached hereto as* **Exhibit, A** *and made a part herein.*

Accordingly, the above-captioned habeas petition is properly before this Honorable Court and writ for habeas corpus relief respectfully must be issued.

**II**

## VERIFIED STATEMENT OF VENUE

The Petitioner being first duly sworn, under oath and pursuant to the penalties of perjury states that venue is proper before this Honorable Court because each and every constitutional violation set forth herein happened in this Judicial District, specifically in the Circuit Court of Cook County, Fourth Municipal District.  Moreover, the Petitioner is currently in custody in the Northern District of Illinois, Eastern Division.

**III**

## VERIFIED STATEMENT OF JURISDICTION

Petitioner being first duly sworn under oath and pursuant to the penalties of perjury states that jurisdiction is proper before this Honorable Court because each and every one of the constitutional violations set forth herein intentionally placed Petitioner into the unconstitutional custody of the Illinois Department of Corrections as strictly prohibited by the United States Constitution and as cognizable under Petition for Writ of Habeas Corpus as fully established by Congress in 28 U.S.C.A., Section 2254.

## VERIFIED STATEMENT OF FACTS

1.      On June 7, 2005, Petitioner was shopping for his four (4) year old granddaughter for birthday flowers, cakes and balloons in the middle of the afternoon in the Village of Franklin Park, Illinois.

2.      Petitioner's company owned vehicle (Petitioner owns the company) was parked in the grocery store's parking lot in an authorized grocery store parking space on private property.

3.      While Petitioner was shopping for his granddaughter's birthday, Patrolman Camp and Patrolman Ignus of the Franklin Park Police Department made a "random run" of Petitioner's parked vehicle's license plates.

3

4.    The vehicle's plates came back into the names of LaSalle Companies and Lamar C. Chapman III.

5.    Patrolman Camp and Patrolman Ignus spontaneously and without cause ran Petitioner's name through the Federal Bureau of Investigation's ("FBI") Data Bank searching for information in the form of warrants while the Petitioner was in the grocery store shopping.

6.    Based on information and belief, Patrolman Camp and Patrolman Ignus were engaging in the unconstitutional practice of "racial profiling" and targeting African-American men.  See, *Lamar C. Chapman III vs. The Village of Franklin Park; The Franklin Park Police Department; Patrolman Camp; Patrolman Ignus; Patrolman Konwinski, et al.,* Case Number 07 CV 5411, United States District Court for the Northern District of Illinois, Eastern Division, Honorable Samuel Der Yeghiayan, Judge Presiding.  This civil rights lawsuit was received by the Clerk of the Court on June 7, 2007, and allowed to be filed by the Executive Committee by order entered on September 20, 2007.

7.    The Federal Bureau of Investigation's ("FBI") Data Bank purportedly responded that Petitioner had a Federal Warrant for his arrest issued by the United States Marshal on Federal 14, 2005.

8.    Federal and State law enforcement records and public records indicates in no uncertain terms that no judge ever issued a warrant of any kind for any state or federal court on or before February 14, 2005, or anytime subsequent thereto for Petitioner Lamar C. Chapman III.

9.    On June 7, 2005, upon exiting the grocery store Patrolman Camp and Patrolman Ignus were standing on each side of Petitioner's parked vehicle with weapons.

4

10.     When Petitioner approached his company owned vehicle Patrolman Camp asked Petitioner if he was Lamar Chapman. Petitioner answered in the affirmative.

11.     Patrolman Camp announced that he had a warrant for Petitioner's arrest.

12.     Petitioner asked to see the warrant and Patrolman Camp refused to show Petitioner any warrant.

13.     Patrolman Camp read Petitioner his Miranda Rights; hand-cuffed Petitioner; placed Petitioner into his marked squad car; and transported the Petitioner to the Village of Franklin Park Police Station.

14.     Petitioner's vehicle was towed by Carmine Towing, a towing agent and contractor for the Franklin Park Police Department.

15.     Petitioner was allowed to use his cell phone at the police station to telephone his adult daughter who was at the "Kiddie Land" in neighboring Melrose Park, Illinois, preparing for Petitioner's granddaughter's fourth (4th) birthday party.

16.     Petitioner's daughter and son-in-law canceled the birthday party and came over to the Franklin Park Police Department.

17.     Petitioner was denied any bail bond for release.

18.     While Petitioner was in the "warrant custody" of the Franklin Park Police Department, Petitioner's vehicle was searched by the Franklin Park Police without permission from the Petitioner or any search warrant issued by any court or signed by any judge.

19.     Patrolmen Camp, Ignus and Konwinski removed the Petitioner's brief case and laptop computer from the vehicle and turned them over to Petitioner's daughter.

20.     While Petitioner was locked in the interrogation room with Patrolmen Ignus and Camp, Patrolman Ignus received a telephone call from Carmine Towing

purportedly stating that the vehicle identification number on Petitioner's nine (9) year old company owned vehicle came back as a stolen vehicle.

21.    Patrolman Ignus went back into Petitioner's vehicle and removed the owner's manual; buyer's order; odometer statement; and tax statement that had been prepared on October 1, 2001, (five (5) years prior to unconstitutional stop) by the selling dealer for Petitioner's twenty-six (26) year old business advisement company and executed by Petitioner.

22.    On June 7, 2005, the selling dealer, Motor Werks of Barrington, Mr. Timothy Martin came to the Franklin Park Police Department and falsely stated that Motor Werks had no record or knowledge of Petitioner.  See Supplemented Police Report attached as **Exhibit B**.  See also, *Chapman vs. The Village of Franklin Park*, where the selling dealer and Timothy Martin are named defendant.

23.    The June 7, 2005, Police Arrest Report was altered to include in the original "warrant arrest" a charge of possession of a stolen motor vehicle and criminal trespass to a motor vehicle.  See **Exhibit B**, *attached hereto and made a part hereof as a true and correct copy of the June 7, 2005, Police Report.*

24.    Although the Petitioner was held in the Franklin Park Police Station lock-up overnight, Petitioner was never told that he was arrested for the possession of a stolen motor vehicle and criminal trespass to a motor vehicle nor was Petitioner read any Miranda Rights related to said charges.

25.    On June 8, 2005, Petitioner was transported to the Circuit Court of Cook County, Fourth Municipal District for preliminary hearing and bond hearing.

26.    On June 8, 2005, Petitioner was denied representation of counsel at the purported preliminary and bond hearings.

6

27.    On June 8, 2005, two (2) United States Marshals were present in the courtroom of the Honorable Bonnie Kipperman, Judge of the Circuit Court of Cook County to take the Petitioner into custody on the February 14, 2005, fabricated, non-court issued and never signed by a judge Federal Arrest Warrant.

28.    Petitioner pleaded to Judge Kipperman that his personal safety was an issue because of a letter of complaint the Petitioner filed with the Justice Department Office of Inspector General and FBI Office of Professional Responsibility and that Petitioner was being transported to the maximum security federal penitentiary in Terra Haute, Indiana for physical retaliation including possible death which would be made to look like suicide.

29.    On June 8, 2005, learning that the fifty-four (54) year old, distinguished (Presidential appointed) naval officer, African-American Petitioner had no criminal background and for Petitioner's personal safety Judge Kipperman refused to release the Petitioner into the custody of the United States Marshal and allowed the Petitioner to request a $15,000.00 bond and to be detained at the Cook County Department of corrections. Judge Kipperman further stated from the bench "*that it's a shame that people still do things like this!*"

30.    Although no warrant had ever been issued by any federal court or executed by any federal judge from June 8, 2005, through and including April 28, 2006, Petitioner was incarcerated in the maximum security division of the Cook County Jail on the "warrant hold" of the United States Marshal. See also, The Village of Franklin Park Police Department's "No Warrant Statement" issued by its former Chief of Police attached hereto as **Exhibit C**, and made a part hereof.

31.    On April 4, 2006, one week after the abrupt resignation of the Chief Judge for the United States District Court for the Northern District of Illinois, Eastern Division,

Judge James B. Zagel, issued an Order of Court directing the United States Marshal to facilitate the release of Petitioner.

32.     From June 8, 2005, through April 28, 2006, state court Judge Lawrence W. Terrell in *People v. Lamar Chapman*, Case Number 05 C440627 allowed approximately ten (10) continuances while Petitioner was in county jail to attempt in good faith to interview and retain paid criminal counsel.

33.     Petitioner attempted to retain at least seventeen local attorneys to represent him in the state court criminal proceedings.

34.     Petitioner contacted attorneys Bradley Lerman, Tommy Brewer, Charles Starkey, Anton Valukas, Sam Ash, Eugene Pincham, Christopher Bemben, James Striganti, E. Harris, Scott Arthur, Stephen Canody and several other Illinois lawyers.

35.     These lawyers were either too busy or too afraid to accept Petitioner's case on a paid retainer.

36.     On May 8, 2006, state court Judge Lawrence Terrell at a scheduled status hearing in *People v. Chapman*, admonished the Petitioner that he would be required to proceed to trial without a lawyer on June 12, 2006.

37.     Petitioner advised the state court that he was unable to proceed without a criminal lawyer. In an angry tone of voice state court Judge Terrell stated that if *"Petitioner didn't like his ruling then take an appeal, now step away from the bench!"*

38.     From June 12, 2006, through November 13, 2006, state court Judge Lawrence Terrell granted the State numerous continuances.

39.     On November 13, 2006, Petitioner moved the state court to dismiss for violating Petitioner's rights to a speedy trial. Judge Terrell improperly denied Petitioner's motion.

40.     Prior to November 13, 2006, Petitioner moved the state court to quash arrest that had been based on a fabricated federal warrant for arrest dated February 14, 2005. Judge Terrell improperly denied Petitioner's motion.

41.     Prior to November 13, 2006, Petitioner moved the state court to quash and suppress all evidence taken from the warrantless search of Petitioner's vehicle. State court Judge Terrell improperly denied Petitioner's motion.

42.     Prior to November 13, 2006, specifically August 28, 2006, Judge Terrell condescendingly asked the Petitioner in open-court if he could read and further warned the Petitioner that if he ever filed a Motion for Rule to Show Cause to compel witnesses to testify at trial in his court again that Petitioner would be looking at jail time. *See Report of Proceedings by reference made a part hereof. See also Rule to Show Cause Motion.*

43.     On November 13, 2006, witness Maureen O'Brien voluntarily appeared to testify on Petitioner's behalf. Judge Terrell refused to allow the Petitioner any witnesses at trial and refused to enforce the state court's subpoena issued by the Clerk of the Court and properly served on perspective witnesses.

44.     On November 13, 2006, the state court trial started over Petitioner's objections that he was without criminal counsel.

45.     On November 13, 2006, at the selection of the Jury phase of Petitioner's state court proceeding, Judge Terrell refused to allow Petitioner to use his final two (2) challenges prior to the Jury being seated. *See, Report of Proceedings by reference made a part hereof.*

46.     On November 13, 2006, the state court and the State used elementary miscounting tactics and other unethical maneuvers to eliminate all blacks from the Jury pool.

47.    On November 13, 2006, overruling the objections of the Petitioner, there were no blacks seated on Petitioner's Jury.

48.    On November 13, 2006, Judge Terrell warned the Petitioner that he would be jailed for contempt of court if Petitioner "*presented any exhibits to the witness that could not be later entered into evidence.*"

49.    On the afternoon of November 13, 2006, Judge Terrell once again warned the Non-Attorney, Non-Lawyer Petitioner that he would be jailed for contempt of court if the Petitioner asked the witness about the contents of the envelope found in Petitioner's company owned vehicle containing a buyer's order; tax statement; odometer statement; buyer's customer satisfaction survey; warranty statement; and bill of sale prepared by the selling dealer – Motor Werks of Barrington. *See Report of Proceedings by reference made a part hereof.*

50.    On Tuesday, November 14, 2006, Petitioner was warned again on two (2) separate occasions by Judge Terrell that "if he failed to question the state's witnesses with who, what, when why or where questions that the Public Defender would be representing the Petitioner [Defendant] in a criminal contempt proceeding."

51.    On Tuesday, November 14, 2006, Judge Terrell refused to allow Petitioner's witness who had appeared outside the courtroom to enter and to take the witness stand on behalf of the Petitioner [Defendant] although the court and the state had prior notice that this witness would testify. *See Report of Proceedings by reference made a part hereof.*

52.    Also, on November 15, 2006, the state court, specifically Judge Lawrence Terrell refused to recess the Court to allow the Non-Attorney, Non-Lawyer, *Pro Se,* Petitioner [Defendant] any opportunity to contact the eight (8) subpoenaed witnesses to appear to testify in Petitioner's state court proceeding.

53.     The state court refused to allow the Petitioner [Defendant] any subpoenaed evidence or witnesses at trial on Monday, Tuesday or Wednesday, November 13, 14 and 15.

54.     The state court held an evidence conference for the benefit of the state's attorney to enter its exhibits into evidence and refused to hold an evidence conference for the Petitioner [Defendant].

55.     Judge Terrell stated from the bench that he would allow Petitioner [Defendant] to have his evidence conference after the Court's recess.

56.     After the Court returned from recess, Judge Terrell refused to acknowledge Petitioner's [Defendant's] request for evidence conference and continued with closing arguments. *See, Report of Proceedings by reference made a part hereof.*

57.     The Jury went into deliberation in the state court proceedings without any evidence whatsoever from the Non-Attorney, Non-Lawyer, *Pro Se* Petitioner. *See Post-Judgment Motion to Vacate Jury Verdict by reference made a part hereof.*

58.     The Jury went into deliberation in the state court proceedings and reached its unanimous, yet unconstitutional decision of guilty in less than twenty (20) minutes without any evidence from the Petitioner [Defendant] that had been available in Court during the trial or requested by subpoena as issued by the Clerk of the Court.

59.     On Wednesday, November 15, 2006, the state court summarily and *sua sponte* revoked Petitioner's bail bond without notice, motion, hearing, cause or any other required safe-guard of the United States Constitution and the Illinois Constitution.

60.     On Wednesday, November 15, 2006, for clearly retaliatory imprisonment reasons, Judge Terrell summarily ordered the Petitioner "[Defendant] to be taken into custody as a prisoner."

61.    Judge Terrell delayed the Sheriff's Jail Transportation Bus prior to the end of jury deliberations in order to accommodate the Petitioner.

62.    Petitioner [Defendant] requested permission to address the Court which was silently refused by Judge Terrell's abrupt exit from the courtroom.

63.    No required revocation of bond hearing was ever held.

64.    Based on information and belief, Judge Terrell weaponized the state court proceeding with intentionally unconstitutional applications of state and federal laws.

65.    Based on information and belief, Judge Terrell compromised Petitioner's federally protected rights for political gain.

66.    Based on information and belief, the state court circumvented due process and skirted the federal requirements and guarantees of the United States Constitution.

67.    Based on information and belief, state court Judge Lawrence Terrell intentionally favored the State and suspended due process and made more than eleven (11) constitutional errors in Petitioner's trial.

68.    Based on information and belief, the state court denied Petitioner meaningful access to the state court and due process in the state court.

69.    Based on information and belief, the state court knowingly violated the fourteenth amendment to the United States Constitution. *See, U.S.C.A., Amend. 14.*

70.    At times throughout Petitioner's [Defendant's] three (3) day trial, Petitioner observed the state court Judge moving his left hand with palm and fingers facing up.  Whenever this happened the state's attorney would make an objection to Petitioner's question for the witness or at closing arguments and the state court Judge would always sustain the objection.

71.    On December 11, 2006, Petitioner filed with the Clerk of the Circuit Court three (3) Post-Conviction Motions and provided copies and notice to the State.

72.    On Thursday, December 14, 2006, Judge Terrell denied the motions without hearing, including the Verified Petition for Substitution of Judge for Cause.

73.    On January 30, 2007, Petitioner was sentenced to three (3) years in the Illinois Department of Corrections and two (2) years parole.

74.    Also, on January 30, 2007, the Petitioner filed his Notice of Appeal.

75.    The Appellate Defender filed an appearance, record and brief on behalf of the incarcerated Petitioner.

76.    Petitioner served his time in the Vienna Correctional Institute in Vienna, Illinois and was released on parole on April 3, 2007.

77.    The Petitioner has been in the parole custody of the Illinois Department of Corrections in good standing and has obeyed all laws, rules and regulations of the Illinois Department of Corrections.

78.    Petitioner's trial, conviction, incarceration, and continued custody violate the federal guarantees of due process and are patently unconstitutional.

79.    It has been exactly twelve (12) months since the Petitioner filed his post-conviction pleadings and Notice of Appeal attacking the underlying unconstitutional criminal conviction.

80.    Accordingly, this Verified Petition for Habeas Corpus Relief is properly before this Court.                                **III**

## ARGUMENT

A claim under 28 U.S.C., Section 2254 requires the federal habeas court to ensure that the state criminal conviction was not achieved at the expense of the Petitioner's constitutional rights.  Congress selected the federal District Courts as precisely the forums that are responsible for determining whether state convictions have been secured

in accord with the United States Constitution and Constitutional Law. See, *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).

The most Honorable James B. Moran, Senior Judge for the United States District Court for the Northern District of Illinois, Eastern Division has personally admonished this Petitioner and has written in an opinion for the benefit of the Court "*…that the most important function of the federal court is to protect the rights of the American people.*"

Although the state court failed to even honor Petitioner's constitutional guarantees for rights to due process; right against warrantless search, seizure, arrest; right against stop without probable cause; right to representation of counsel; right to have witnesses at trial; right to a bond and a bond revocation hearing; and right to a speedy trial, the Petitioner's original stop, arrest, trial, conviction, imprisonment; and continued custody are patently in violation of the Constitution, treaties and laws of the United States. See, *Bell v. Duckworth*, 861 F. 2d 169 (7th Cir. 1988), cert. denied, 489, U.S. 1088, 109 S. Ct. 1552, 103 L. Ed. 2d 855 (1989).

The facts set forth in this verified writ for habeas corpus relief established without any doubt that Petitioner's current custody with the Illinois Department of Corrections violates the Constitution and laws of the United States, and that Petitioner is therefore constitutionally entitled to immediate release from Respondents' unconstitutional custody. See, *Crank v. Duckworth*, 905 F. 2d 1090, 1091 (7th Cir. 1990), cert denied, 498 U.S. 1040, 111 S. Ct. 712, 112 L. Ed. 2d 701 (1991).

There are no questions embedded in the laws of the State of Illinois that would preclude this Honorable Court from granting this Non-Attorney, Non-Lawyer, *Pro Se*, Petitioner immediate release from all forms of unconstitutional custody under this Petition for Writ of Habeas Corpus. See, 28 U.S.C., Section 2254; see also, *Joel Clay v. Daniel McBridg*, 946 F. Supp. 639.

Since Congress has empowered this Honorable Court to confirm the propriety of Petitioner's state court proceedings in view of the Petitioner's rights under the United States Constitution and it is clear from the sworn testimony capsulated in this verified petition and the state court record that at least eleven (11) federal Constitutional rights were intentionally and maliciously violated by the state court judge, there has never been a more appropriate opportunity to allow due process to take its constitutionally intended and mandated course. This is the precious time to allow justice to be rightfully served.

## CONCLUSION

A recent American Bar Association poll as reported by *The Daily Law Bulletin* writes that when it comes to fairness Illinois Courts rank forty-seven (47), out of fifty (50) states. And when it comes to corruption in the Court, Cook County was ranked number (3) three out of all of the county courts in the United States of America.

Nothing could be as lucid as the purpose for this Verified Petition for Writ for Habeas Corpus Relief. Petitioner's Constitutional rights have been criminally and intentionally violated. Petitioner's personal safety and physical threats from select former and present public employees and respondents to Petitioner's Office of Inspector General inquiry is still an issue at the filing of this renewed petition.

The Honorable Bonnie Kipperman, Judge of the Circuit Court of Cook County, Fourth Municipal District located in Maywood, Illinois being brave and true to her oath of office said it best on June 8, 2005, at Petitioner's Bond Hearing in the state court. Judge Kipperman stated from the Bench:

> *"It's a shame that people still do things like this!"*

*WHEREFORE*, Petitioner, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se,* respectfully prays that this Honorable Court will enter an order granting this Petition and order the immediate release of Petitioner from all forms of state custody; for

expungement of any and all criminal records; and for such further relief that is morally and lawfully warranted.  God Bless This Honorable Court.

*As the Lord is My Wonderful Counselor and in Honour of His Name, This Petition is...*

Respectfully submitted

LAMAR C. CHAPMAN III, *Pro Se*

**DATED: November 15, 2007**

STATE OF ILLINOIS        )
                         ) *SS*
COUNTY OF **DU PAGE**    )

## VERIFICATION

LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer, Petitioner and Affiant, *Pro Se* being first duly sworn under oath and pursuant to the penalties of perjury states that he prepared the foregoing Verified Petition for Habeas Corpus Relief; that he knows the contents thereof; that the same is true and correct; that the facts set forth herein are made in good faith and to the best of Affiant's knowledge, information and belief are true; and that all other matters that are based on information and belief are believed to be true; Affiant further states that this Petition and Verification is not made for any malicious purpose or to delay any proceeding before this Honorable Court or any other Court; *FURTHER AFFIANT SAYETH NAUGHT.*

Respectfully submitted

Lamar C. Chapman III, Affiant, *Pro Se*

**SUBSCRIBED AND SWORN BEFORE
ME THIS 15TH DAY OF NOVEMBER, 2007**

_Signature of Notary Public_

(S E A L *of* N O T A R Y)

"OFFICIAL SEAL"
EARLENE SKINNER
Notary Public, State of Illinois
My Commission Expires Feb. 6, 2008

16

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# PETITIONER'S EXHIBIT, A

Order Form (01-2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7026 | **DATE** | 12/28/2006 |
| **CASE TITLE** | Lamar C. Chapman, III vs. Thomas Dart | | |

#### DOCKET ENTRY TEXT

Petitioner has paid the filing fee. The Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

Petitioner brings the present petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Petitioner does not state specifically of what he was convicted, it appears he was convicted of possessing or possession of a stolen motor vehicle and criminal trespass to a motor vehicle on November 15, 2006. Petitioner is due to be sentenced in state court on January 30, 2007.

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Id.; see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Here, Petitioner has yet to be sentenced in state court, and thus has a number of state remedies to pursue before exhausting his state remedies, in particular, a direct appeal to the Illinois Appellate Court. Simply put, Petitioner has failed to exhaust his state court remedies, and thus the present habeas petition is not properly before the Court.

The Court advises Petitioner that Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations subject to certain tolling provisions. *See Araujo v. Chandler,* 435 F.3d 678, 680 (7th Cir. 2005); *Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002). For instance, the statute expressly recognizes that the one-year period is tolled during the pendency of properly filed state post-conviction petitions. *Powell v. Davis,* 415 F.3d 722, 725 (7th Cir. 2005); *see also Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Petitioner therefore should file his federal habeas petition as soon as possible *after his state remedies are completed* so that he files it within the statute of limitations. *See Dolis v. Chambers,* 454 F.3d 721, 723-24 (7th Cir. 2006) (if statute of limitations not at issue, dismissal of habeas petition without prejudice appropriate); *see generally Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Accordingly, after preliminary review, the Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court also dismisses Petitioner's emergency motion as moot.

| | Courtroom Deputy Initials: | GR |
|---|---|---|

06C7026 Lamar C. Chapman, III vs. Thomas Dart

Page 1 of 1



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**219 SOUTH DEARBORN STREET**
**CHICAGO, ILLINOIS 60604**

MICHAEL W. DOBBINS
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

December 20, 2006

Lamar C. Chapman, III
#2006-0088350
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Chapman:

We hereby inform you that your petition in the cause entitled:

**LAMAR C. CHAPMAN, III -vs- THOMAS DART, et al.**

has been assigned case number:     **06C 7026**

and to:     **JUDGE AMY ST. EVE**

who will rule on your petition.     **MAGISTRATE JUDGE**
is the designated magistrate for your case.     **GERALDINE SOAT BROWN**

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an <u>original</u> document, a <u>copy for the judge</u> and **<u>one additional copy</u>** of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.

Sincerely,

Prisoner Correspondent

OFFICE OF
CLERK OF THE U.S. DISTRICT COURT
PRISONER CORRESPONDENCE
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

CHICAGO IL 606

20 DEC 2006

Lamar C. Chapman, III
#2006-0088350
P.O. Box 089002
Chicago, IL 60608

# PETITIONER'S EXHIBIT, B



**FRANKLIN PARK POLICE DEPARTMENT**
9545 West Belmont Avenue
Franklin Park, Illinois 60131
(847) 671-8200

# HOLD
## SUBJECT WANTED ON WARRANT

NAME: _Lamar Chapman_

SEX: _M_     RACE: _B_     D.O.B. _07-08-1953_

WANTED BY:     ☐     FRANKLIN PARK  P.D.

                       ☐     CCSPD

                       ☒     OTHER: _U.S. District Court_
                              _Northern District of Illinois_

WARRANT FOR: _Failure to Surrender for Sentencing_

WARRANT NUMBER: _04 Cr 307-1_

AMOUNT OF BOND: _NONE_                    ☒ **NO BOND**

ISSUED BY: _Yvette Pearson_ D.O.W. _2-15-05_ DISTRICT: _Federal_
                                                                    _Warrant_

# HOLD
## SUBJECT WANTED ON WARRANT

AO 142 (Rev. 6/97) Warrant for Arrest

# United States District Court
## Northern District of Illinois
## Eastern Division

United States of America

**WARRANT FOR ARREST**

v.

Lamar Chapman

Case Number: 04 cr 307-1

To:   The United States Marshal
And any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest **Lamar Chapman** and bring him or her forthwith to the nearest magistrate judge to answer a(n)

Indictment    Information    Complaint    X Order of court    Violation Notice
Probation    Violation Petition

charging him or her with:   **Failure to surrender for sentencing**
(See Attachment)

in violation of Title United States Code, Section(s)

Yvette Pearson Issuing Officer

U.S. Deputy Clerk

Signature of Issuing Officer

February 14, 2005; Chicago

Bail fixed at $

, Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| Date Received | Name and Title of Arresting Officer | Signature of Arrest Officer |
|---|---|---|
| Date of Arrest | | |

LOCK-UP
NORTHERN DIST. OF ILL

2005 FEB 14  PM 2: 59

UNITED STATES MARSHAL

** TOTAL PAGE.02 **

**DEFENDANT'S EXHIBIT, 3**

D#8

# PETITIONER'S EXHIBIT, C

# FRANKLIN PARK POLICE DEPARTMENT

**ARREST REPORT**

| ABSTRACT VIA COMM CENTER | | ZONE | DEFENDANT'S NAME (LAST, FIRST, MIDDLE) | | COMPLAINT NO. |
|---|---|---|---|---|---|
| ☐ YES ☐ NO | | 1 | CHAPMAN III LAMAR C | | 05-357 |

| RELATED COMP NO | MISCELLANEOUS NOS | DEFENDANT'S TRUE NAME | | SOC SEC NO. |
|---|---|---|---|---|
| N/A | N/A | SIA | | 355-41-1-414 |

| LOCATION OF ARREST (ADDRESS) | | NICKNAME OR ALIAS | CITY OF BIRTH | SCB |
|---|---|---|---|---|
| 10205 GRAND | | CHAPMAN, LAMAR VANESSA | CHGO | |

| DESCRIBE TYPE PREMISES | DEF'S RES. ADDRESS | | CITY | GLASSES |
|---|---|---|---|---|
| PARKING LOT | 1344 KEYSTONE RD | | OAK BROOK | ☐ YES ☐ NO |

| DATE/TIME ARRESTED | SEX | RACE | D.O.B. | HEIGHT | WEIGHT | EYES | HAIR | SKIN |
|---|---|---|---|---|---|---|---|---|
| 050705   1442 | M | B | 07/08/55 | 511 | 116.15 | BRN | BLK | BROWN |

| BASIS FOR CAUTION | FORMAL CHARGE | DATE/TIME | BUILD |
|---|---|---|---|
| NONE | WARRANT - FUGITIVE 050705  1442 | | ☐ S ☐ M ☐ H |

| WEAPON (DESCRIBE) | OBSERVED DRINKING | SCARS/MARKS/TATTOOS | DEF'S OPERATORS LIC NO | STATE |
|---|---|---|---|---|
| NONE | ☐ YES ☑ NO | NONE | C155205313-1 | IL |

| RESISTED | ASSLTD OFFICER | INJURED OFFICER | SOBER | NARCOTICS | PHOTOGRAPHED | WARRANT NUMBER | ISSUING JUDGE |
|---|---|---|---|---|---|---|---|
| ☐ Yes ☑ No | ☐ Yes ☑ No | ☐ Yes ☑ No | ☐ Yes ☐ No | ☐ Yes ☑ No | 0524-21513608 | PRESIDING |

| INITIAL COURT DATE & TIME | WARRANT CLEARED | ISSUE DATE | COURT DATE | BOND AMOUNT |
|---|---|---|---|---|
| N/A | ☐ Yes ☐ No | 021505 | UNK | NONE |

| CO-DEFENDANTS - BY NAME, SEX, RACE, D.O.B. |
|---|
| (A)  N/A |
| (B)  N/A |

| DEFENDANT'S PLACE OF EMPLOYMENT OR SCHOOL | CITY | OCCUPATION | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|
| LASALLE COMPANIES | OAK BROOK | CHIEF BUSINESS CONCL | 630 205-4617 | 630 881-1936 |

| | CODE: C = COMPLAINANT  W = WITNESS | M.O. | |
|---|---|---|---|

| NAME | CODE | RESIDENCE ADDRESS | CITY | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|---|
| OFC CARP / OFC ISMAC | W | 9525 BELMONT | FP | N/A | 547 65-8-- |
| U.S. MARSHALS SERVICE | C | CHICAGO IL | | | |

| LICENSE NO. OF TOWED VEHICLE | STATE | YEAR | TYPE OF VEHICLE | YEAR | MAKE | BODY | MODEL | COLOR(S) |
|---|---|---|---|---|---|---|---|---|
| CMART | IL | 05 | MERCEDES | 04 | 4 DR | BLACK | | |

| IGNITION LOCKED | KEYS IN IGNITION | DOORS LOCKED | TOWED TO: (NAME OF GARAGE) | INSURANCE HOLD |
|---|---|---|---|---|
| ☐ YES ☑ NO | ☐ YES ☑ NO | ☑ YES ☐ NO | CARMOS | ☐ YES ☑ NO |

| TRUNK LOCKED | RADIO IN CAR | VIN NO. | MILEAGE | OTHER HOLD |
|---|---|---|---|---|
| ☐ YES ☑ NO | ☐ YES ☑ NO | WDBSF72FX4A239345 | UNK | ☐ YES ☑ NO |

| REGISTERED OWNER'S NAME (LAST, FIRST, MIDDLE) | REG. OWNER'S RESIDENCE ADDRESS | CITY | LEADS NO. TOWED VEH. |
|---|---|---|---|
| MALIA, THOMAS C | 126 OAKRIDGE RD BARRINGTON IL | | |

**NARRATIVE: IDENTIFY ADDITIONAL WITNESSES. INDICATE FACTS OF CASE.**

IN SUMMARY THE ABOVE DEF FLAGGED DOWN THIS R/O AT 10203 GRAND AND APPROACHED THE R/O IN THE ABOVE VEHICLE. THE DEF ASKED THE R/O FOR DIRECTIONS TO WOODLAND IN MELROSE PARK. R/O RANDOMLY RAN THE REGISTRATION OF THE DEF'S VEHICLE (CMART). UPON RUNNING THEREIN THE INFORMATION CAME BACK TO THE ABOVE DEF AS WELL AS A 1990 DODGE. UPON RUNNING THEREIN INFO THE DEF'S NAME CAME BACK WITH A WARRANT HIT FROM THE U.S. MARSHALS SERVICE. R/O'S MADE CONTACT WITH THE DEF AND CONFIRMED HIS NAME WITH THAT OF THE REGISTRATION. R/O'S PLACED THE DEF INTO CUSTODY.

| TRANSPORTING OFFICERS | NOS | ARRESTING OFFICER | NO. | SUPERVISOR APPROVING | NO. |
|---|---|---|---|---|---|
| | | CARP / ISMAS | | | |

| DATE/TIME BOOKED | BOOKING OFFICER | NO. | SEARCHED BY: | NO. |
|---|---|---|---|---|
| 050705 | ISMAS | | | |

**DEFENDANT'S EXHIBIT, 1**  #1

**FRANKLIN PARK POLICE DEPARTMENT**                                    **SUPPLEMENT REPORT**

COMPLAINANT, DRIVER, VICTIM, OR ARRESTEE: C. Hopman III Lamar C

ARREST NO. 05-9382

COMPLAINT NO. 05 9382

☐ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT

☐ FORM USED TO REPORT FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION

PAGE NO. 2

TRAFFIC CITATION NOS. N/A

CORRECT OFFENSE OR INCIDENT CLASSIFICATION: N/A

CHANGED? ☐ YES

KIND OF REPORT CONTINUED

☐ OFFENSE   ☐ TRAFFIC ACCIDENT   ☒ ARREST   ☐ INVENTORY SEARCH

MULTIPLE CLEAR-UP?   ☐ YES (LIST OTHER COMPLAINT NOS. IN NARRATIVE)   ☐ NO

OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT: Warrant-Finger

APPROX. VALUE OF PROPERTY RECOVERED $ N/A

INSTRUCTIONS FOR FOLLOW UP OR SUPPLEMENTAL USAGE. UNDER NARRATIVE, RECORD YOUR ACTIVITY & ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE & RECORD VALUE OF ANY PROPERTY RECOVERED. NAMES & ARREST NOS. OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY & INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUS & TO REVIEWER UCR DISPOSITION.

Upon towing the def's vehicle pto's ran the VIN. Pto's were able to confirm that the vehicle was stolen out of Barrington. The def. was transported to the station. Upon arrival the def was mirandized and interviewed by Inv Ilninsky #13 in which he gave a written statement. Pto's then called the states attorney office for felony approval. Pto's spoke with ASA Sparano who gave felony approval for felony possession of a stolen motor vehicle. Approval # 054-RS-336. The def is also to be charged with criminal trespass to vehicle.

E.T. Ross #75 took photos of the car which were inventoried into evidence. For information the VIN # of the vehicle in question comes back to (Malia, Thomas C 1260 Odil Moore Rd Barrington IL Lulu). The vehicle has not been renewed or reassigned with the VIN on the vehicle. The def was processed for his offenses and placed in cell #3.

1ST REPORTING OFFICER     NO. 117

STATUS (CHECK ONE)   ☐ OPEN   ☐ SUSPENDED   ☐ CLOSED

UNIT REFERRED TO

UCR POSITION

2ND REPORTING OFFICER     NO. 111

SUPERVISOR APPROVING     NO.

REVIEWER     NO.

**DEFENDANT'S EXHIBIT, 2**

**FRANKLIN PARK POLICE DEPARTMENT**                                        **SUPPLEMENT REPORT**

| COMPLAINANT DRIVER VICTIM OR ARREST | ARREST NO | COMPLAINT NO |
|---|---|---|
| Chapman, Lamar C III | 06-8382 | 06-8382 |

| ☐ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT | ☑ FORM USED TO REPORT FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION | |
|---|---|---|
| PAGE NO | TRAFFIC CITATION NOS | CORRECT OFFENSE OR INCIDENT CLASSIFICATION | CHANGED? |
| 1 | N/A | Added charge of PSMV | ☐ YES |
| KIND OF REPORT CONTINUED | | MULTIPLE CLEAR-UP? | |
| ☐ OFFENSE  ☐ TRAFFIC ACCIDENT  ☑ ARREST  ☑ INVENTORY SEARCH | ☐ YES (LIST OTHER COMPLAINT NOS. IN NARRATIVE) | ☑ NO | |
| OFFENSE CHARGE OR INCIDENT ON ORIGINAL REPORT | APPROX VALUE OF PROPERTY RECOVERED | | |
| Violation of Bail Bond (Forgery Warrant) | 0 | | |

INSTRUCTIONS FOR FOLLOW UP OR SUPPLEMENTAL USAGE: UNDER NARRATIVE, RECORD YOUR ACTIVITY & ALL DEVELOPMENTS IN THE CASE SUBSEQUENT TO LAST REPORT. DESCRIBE & RECORD VALUE OF ANY PROPERTY RECOVERED, NAMES & ARREST NOS OF ANY PERSONS ARRESTED. EXPLAIN ANY OFFENSE CLASSIFICATION CHANGE. CLEARLY SHOW DISPOSITION OF RECOVERED PROPERTY & INVENTORY NO. RECOMMEND TO SUPERVISOR CASE STATUS & TO REVIEWER UCR DISPOSITION.

060705 21:15 this r/o spoke to the defendant on this case in the presence of Officer Camp #117 and Officer Ignas #111 (the original arresting officers). This r/o showed the defendant a series of 8 printed pictures of the possible stolen vehicle. That is the same vehicle that Officer Camp observed the defendant driving (1997 Mercedes E-Series) in the Jewel Store parking lot. The defendant positively identified that vehicle as being his and he confirmed that is the same vehicle he was driving today and it is the same vehicle he took possession of from Motor Werks of Barrington (see the defendant's written statement for detailed information on where he obtained the vehicle). The defendant also said that he is the exclusive driver of that vehicle and nobody else has had possession or has used that vehicle for any amount of time. The defendant was asked how his CMART license plate got onto the vehicle he previously identified. The defendant said that he had the CMART license plates on a different vehicle that he owned (a Dodge Spirit). When the temporary license plate expired on the Mercedes the defendant said he installed a set of license plates that were ordered on his behalf from Motor Werks (it began with the number "8" see the defendant's written statement for detailed information on this). The defendant said when those license plates expired he switched them with his vanity plates CMART. The defendant then said that all of the vehicles in his fleet have vanity plates.

060705 22:20 Tim Martin, a representative of Motor Werks of Barrington, arrived at this police department. He stated that he is very certain that the title for the vehicle in question is still in his possession. That title will be faxed to this PD as soon as it is pulled from the file. Furthermore, Martin assured the arresting officer's that Motor Werks has no file of the defendant Lamar C. Chapman III, his company LaSalle Companies or his company Yasamar International as being a customer and purchasing a vehicle from Motor Werks.

Felony approval was obtained from A.S.A. Rob Sparano 054 RS 336 for PSMV and Criminal Trespass to Vehicle.

Based on the arrest of the defendant this r/o recommends this case be closed.

**DEFENDANT'S EXHIBIT, 2-A**

| 1ST REPORTING OFFICER | NO | STATUS (CHECK ONE) | UNIT REFERRED TO | UCR POSITION |
|---|---|---|---|---|
| Inv. Komwinski | 63 | ☐ OPEN  ☐ SUSPENDED  ☐ CLOSED | | |
| 2ND REPORTING OFFICER | NO | SUPERVISOR APPROVING    NO | REVIEWER    NO | |
| Ofc. Camp    Ofc Ignas | 117 / 111 | | | |

PROSPECT NO. 63872

# MOTOR WERKS

Motor Werks of Barrington, Inc.
1475 South Barrington Road    Barrington, IL 60010    847/381-8900
www.motorwerks.com

| CO-BUYER | | CONTROL NO. 067925 |
|---|---|---|
| DRIV. LIC. NO. | | DATE 10/29/01 |
| SOC. SEC. NO. | | INVOICE NO. |
| LIC. PLATE NO. NEW | | STOCK NO. P1734 |
| STICKER NO. | | SALESMAN BYRNES, TI    NUMBER 32 |
| EXP. DATE 10/2002 | | |
| D.O.B | | |

PURCHASER         LASALLE COMPANIES

ADDRESS           1314 KENSINGTON P O BOX 5232       BUS. PH.   (630) 415-2856

CITY/STATE/ZIP    OAK BROOK        IL 60523           RES. PH.   (877) 527-2526

PLEASE ENTER MY ORDER FOR THE FOLLOWING:  ☐ NEW  ☐ USED  or  ☐ DEMO  ☐ CAR  or  ☐ TRUCK

| YEAR 1999 | MAKE MERCEDES | MODEL OR SERIES E320 | BODY STYLE 4DR SDN | COLOR SILVER | MILES 19228 |
|---|---|---|---|---|---|
| SERIAL NO. AND/OR ENGINE NO. WDBJF65H4XA901413 | | | | DELIVERED ON OR ABOUT: 10/29/01 | |

| DESCRIPTION OF TRADE IN: | MILES | | BASE PRICE: | 37,000.0 |
|---|---|---|---|---|
| YEAR | MAKE | MODEL | OPTIONAL EQUIPMENT: | |
| SERIAL NO. | | | | |
| | COLOR | | | |

Purchaser has read all of the provisions on both the face and reverse side of this Order, including the reference to warranty and NO WARRANTIES OF MERCHANTABILITY OR FITNESS. The Purchaser agrees that all such provisions are part of this Order and that this Order supersedes any prior agreement and is the complete and exclusive agreement on the subject matters covered by this Order. THIS ORDER SHALL NOT BECOME BINDING UPON THE SELLER OR THE DEALER'S AUTHORIZED REPRESENTATIVE. IN THE CASE OF A TIME SALE, THE DEALER SHALL NOT BE OBLIGATED TO SELL UNTIL A FINANCE SOURCE APPROVES THIS ORDER AND AGREES TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PURCHASER AND THE DEALER.

NOTICE: TO THE NEGOTIATED CASH SALE PRICE OF EACH VEHICLE, NO MORE THAN $ 50 MAY BE ADDED FOR DEALER COSTS AND OVERHEAD. THE ONLY OTHER ADDITIONAL CHARGES PERMITTED ARE DEALER-ADDED OPTIONS, WARRANTY AND SERVICE CON-TRACTS, INSURANCE AND THE ACTUAL COST OF LICENSE AND TITLE REGISTRATION AND TAXES.

| MISC | | MISC | |
|---|---|---|---|
| TOTAL OF ABOVE ITEMS | | $ | 37,000.0 |
| USED CAR ALLOWANCE | | $ | N/A |
| NET BALANCE | | $ | 37,000.0 |
| DOCUMENTATION FEE | | $ | 50.4 |
| TOTAL OF ABOVE ITEMS | | $ | 37,050.4 |
| SALES TAX 6.50 | | $ | 2,408.0 |
| COOK COUNTY TAX | | $ | N/A |
| LUXURY TAX | | $ | N/A |
| LIC. FEES ☐ TRANSFER ☐ RV ☐ PASS ☐ B PLATE | | $ | 143.0 |
| TOTAL | | $ | 39,601.4 |
| EXTENDED WARRANTY | | $ | N/A |
| BALANCE OWING ON USED CAR | | $ | N/A |
| DEPOSIT RECT # | | $ | |
| | | | N/A |
| TOTAL CASH | | $ | 39,601.4 |
| AMOUNT FINANCED | | $ | N/A |

PURCHASER'S SIGNATURE          10/29/01          ACCEPTED BY
                               DATE

# NO PUBLIC LIABILITY, PROPERTY DAMAGE OR PHYSICAL DAMAGE INSURANCE ISSUED WITH THIS TRANSACTION

**Illinois Department of Revenue**

# ST-556
(R-1/97)

## Sales Tax Transaction Return
(For Vehicles, Watercraft, Aircraft, Trailers, and Mobile Homes)

Do not write above this line.

| NS | CA | DP | RC | TL | | |
|----|----|----|----|----|--|--|

Tax return no.: 31468462-2
IBT no.: 1525-7037
Taxable location no.: 049-0002-0 001
Taxable location name: BARRINGTON
Dealer's license no.: DL 4500
REV 01
FORM 01C

MOTOR WERKS OF BARRINGTON INC
206 N COOK ST
BARRINGTON IL 60010-3226

### 1 Write the buyer's name and address

Name(s): LASALLE COMPANIES

Street: 1314 KENSINGTON P O BOX 502    City: OAK BROOK    State: IL    ZIP: 60523

### 2 Describe the item sold

- [ ] A Vehicle
- [ ] B Watercraft
- [ ] C Aircraft
- [ ] D Trailer
- [ ] E Mobile Home

- [ ] New
- [X] Used                    000P1734

Identification no.: WDBJF65H4XA901413

Year: 1999    Make: MERCEDES

Body style and model: 4DR SDN    E320

### 3 Write the date of delivery    10-29-01
month  day  year
(This return is due no later than 20 days after the date of delivery.)

### 4 Describe the trade-in, if any

Item traded in _____

Identification no. _____

Year_____ Make _____

Body style and model _____

### 5 Is the sale exempt from tax?

If so, check the correct box below, and fill in Section 6, Lines 1 and 2.

- [ ] A Sold to an out-of-state purchaser
  drive-away permit no./lic. plate no._____ state____
- [ ] B Sold for resale
  purchaser's IBT no._____
- [ ] C Sold to an exempt organization (government, school, religious, or charitable) tax-exempt no. E_____
- [ ] D Sold to an interstate carrier (attach Form RUT-7)
- [ ] E Sold for rental use
  renter's IBT no._____
- [ ] F This form is void (keep in your records for 42 months)
- [ ] G Other (describe)_____

### 6 Write the price, and figure the tax
(to nearest dollar)

1 Total price, including accessories, federal tax, and freight ........ 37,050.

2 [ ] Total trade-in credit or value ........ N/A
[ ] Net insurance settlement amount ........
(Attach Form RVT-7)

3 Amount subject to tax [Line 1 - Line 2] ...... 37,050.

4 Tax [Line 3 X .0650*] (if you made this sale from a temporary sales location, see the instructions.) ........ 2,408.

*Ln 3 x .0750 if Chicago buyer

5 Use tax - optional (see instructions)
a. County DU PAGE
b. City OAK BROOK ........ N/A
c. Township_____

6 Total tax [Line 4 + Line 5] ........ 2,408.0

Under penalties of perjury, we state that we have examined this return, including any schedules and statements, and to the best of our knowledge, it is true, correct, and complete. If the seller has taken a qualified trade-in, we also state that the buyer has properly assigned and surrendered the title of the trade-in to the seller.

Signature of buyer(s) _____ Date 10/29/01

Signature of seller _____ Date 10/29/01

Dealer's check no. _____

Do not write below this line.

Date received by Illinois state government    Copy 3 - Purchaser's

This form is authorized as outlined by the Illinois tax laws and the Illinois Vehicle Code. Disclosure of this information is REQUIRED. Failure to provide information could result in penalties. This form has been approved by the Forms Management Center.    IL 492-1556

# ODOMETER DISCLOSURE STATEMENT

FEDERAL LAW (AND STATE LAW, IF APPLICABLE) REQUIRES THAT YOU STATE THE MILEAGE UPON TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

I, _____ MOTOR WERKS PARTNERS L.P. _____ STATE THAT

(TRANSFEROR'S NAME · SELLER · PRINT)

THE ODOMETER NOW READS _____ 19228 _____ MILES AND TO THE

ODOMETER READING (NO TENTHS)

BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED BELOW, UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED.

☐ (1) I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING REFLECTS THE AMOUNT OF MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS.

☐ (2) I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE. WARNING · ODOMETER DISCREPANCY.

| MAKE MERCEDES | MODEL E320 | BODY TYPE 4DR SDN |
|---|---|---|
| VEHICLE IDENTIFICATION NO. WDBJF65H4XA901413 | YEAR 1999 | DEALER STOCK NO. 000P1734 |

| TRANSFEROR'S SIGNATURE (SELLER) X | (PRINTED NAME) DANIELS, NICOLE M (AGENT) |
|---|---|

TRANSFEROR'S STREET ADDRESS (SELLER)
206 N. COOK ST.

| (CITY) BARRINGTON | (STATE) IL | (ZIP CODE) 60010 |
|---|---|---|

DATE OF STATEMENT 10/29/01

| TRANSFEREE'S SIGNATURE (BUYER) X | (PRINTED NAME) LASALLE COMPANIES |
|---|---|

TRANSFEREE'S NAME (BUYER)
LASALLE COMPANIES

TRANSFEREE'S STREET ADDRESS (BUYER)
1314 KENSINGTON P O BOX 5232

| (CITY) OAK BROOK | (STATE) | (ZIP CODE) 60523 |
|---|---|---|

580.6 REV. 3/00

ORIGINAL · TRANSFEREE (BUYER)



NO
POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
First Class Mail • Permit No. 262 • Barrington, IL 60010

Postage will be paid by:



Paul Tamraz, President CEO
Motor Werks of Barrington
Barrington & Dundee Roads
Barrington, IL 60010-9849

Byrnes P1734



# OWNER SATISFACTION REPORT

Providing you the best service in the retail automotive industry is an ongoing
process of improvement. We'd like your opinion of our recent performance.
The more we know, the better it is for all of us.

Additional comments? You can also E-mail us at: ▓▓▓▓▓▓▓
or browse our web pages on the internet: www.▓▓▓▓▓▓▓

Your Name: LaSalle Companies    Model Purchased: 1999 MB E320    Purchase Date 10-29-01

Circle one choice, Grade 1 thru 5,
5 being "Very Satisfied"

## Please rate the Motor Werks sales staff

| | | | | | |
|---|---|---|---|---|---|
| 1. Presentation of product features and benefits | 5 | 4 | 3 | 2 | 1 |
| 2. Knowledge of the product | 5 | 4 | 3 | 2 | 1 |
| 3. Personal appearance | 5 | 4 | 3 | 2 | 1 |
| 4. Attitude | 5 | 4 | 3 | 2 | 1 |
| 5. Overall handling of the transaction | 5 | 4 | 3 | 2 | 1 |

## Please rate the condition of your car at time of delivery

| | | | | | |
|---|---|---|---|---|---|
| 1. Cleanliness (inside and outside) | 5 | 4 | 3 | 2 | 1 |
| 2. Mechanical operation (engine, transmission) | 5 | 4 | 3 | 2 | 1 |
| 3. Exterior (operation of doors, hood, trunk) | 5 | 4 | 3 | 2 | 1 |

## Please rate your experience at time of delivery

1. Were the service maintenance schedule and
   new car warranty explained to you?   ❏ Yes   ❏ No
2. Were you offered the opportunity to purchase
   an extended service contract?   ❏ Yes   ❏ No
3. Did anyone explain the vehicle's features and benefits?   ❏ Yes   ❏ No
4. Were you offered any Environmental Protection products?   ❏ Yes   ❏ No
5. Were you given an explanation or tour of our
   service department facilities?   ❏ Yes   ❏ No
6. Did our salesperson make a follow-up phone
   call after you took delivery of your car?   ❏ Yes   ❏ No

## Of the following factors, which attracted you to Motor Werks of Barrington?

❏ Prior Purchase   ❏ Trade-In Value   ❏ Reputation
❏ Advertising   ❏ Recommendation   ❏ Sale Price
❏ Location   ❏ Other _____

## Please share your comments or suggestions to help improve our facilities or procedures

_____

_____

_____

Byrnes
**Motor Werks of Barrington, Inc.**
1475 S. Barrington Road
Barrington, Illinois USA 60010-5235

**MOTOR WERKS**

LaSalle Companies
1314 Kensington P O Box 5232
Oak Brook, Il 60523

# PETITIONER'S EXHIBIT, D

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT – CRIMINAL DIVISION

| | |
|---|---|
| *The People of the*<br>STATE OF ILLINOIS,<br>*Plaintiff,*<br><br>-vs-<br><br>LAMAR C. CHAPMAN III,<br>*Defendant.* | **Case Number 05 C 440627**<br><br>*Honorable Lawrence J. Terrell,*<br>*Judge Presiding* |

### NOTICE TO PRODUCE WITNESS FOR TRIAL

TO:    Maureen O'Brien, *Esq.*               Dorothy Brown, Clerk
        C/O Eric Sauceda, *Esq.*             Circuit Court of Cook County
        Office of the State's Attorney        Fourth Municipal District
        Fourth Municipal District          Maywood, Illinois 60175
        Maywood, Illinois 60175

    *PLEASE TAKE NOTICE*, that the State is hereby demanded to produce the follow
individuals as witnesses for the Defendant to give testimony in the above-captioned matter at
jury trial scheduled for Monday, August 28, 2006, at the hour of 9:00 AM before the Honor
Lawrence J. Terrell, Judge Presiding:

             1.     Maureen O'Brien, *Esq.*
             2.     Paul Tamraz, Complainant
             3.     Tim Martin, Complainant
             4.     Patrolman Camp
             5.     Patrolman Konwinski
             6.     Patrolman E. T. Ross
             7.     Patrolman Ignas

### CERTIFICATE OF SERVICE

    Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Defendant, *Pro Se*, being first
sworn and pursuant to the penalties of perjury states that he caused this Notice and all relev
attachments to be served on the above-named attorney by facsimile delivery to number (708) 8
6080, on Thursday, August 24, 2006, before the hour of 1:00 PM.

                                      _____
                          LAMAR C. CHAPMAN III, *Solo Fides*

**Dated: August 24, 2006**

Non-Attorney, Non-Lawyer
Defendant, *Pro Se*
Lamar C. Chapman III, *Solo Fides*
Alexander, Cavanaugh **&** Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Toll Free (877) 31 BLOCK
Fax Toll Free (800) 706-5373
Direct (630) 881-1936
E-mail:lasallecompanies@comcast.net

2180 - Served
2280 - Not Served
2380 - Served By Mail
**Subpoena - Subpoena Duces Tecum**

(Rev. 12/4/00) CCG 0006

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

v.

LAMAR C. CHAPMAN III.

No.  05 C 440627

## SUBPOENA

**To:** PAUL TAMRAZ, PRESIDENT

MOTOR WERKS OF BARRINGTON

BARRINGTON AND DUNDEE ROADS

BARRINGTON, IL 60010-9849
**YOU ARE COMMANDED to appear to testify before the Honorable** LAWRENCE J. TERRELL

**in Room** 105      , FOURTH MUNICIPAL DISTRICT COURTHOUSE, MAYWOOD,   **Illinois on**

MONDAY, AUGUST 28,       , 2006 , **at**   9:00   X a.m. X p.m. X

**YOU ARE COMMANDED ALSO to bring the following:**
1997 Mercedes-Benz VIN WDBJF72FXV A309245; Original Dealer Keys found in the vehicle; any and all dealership paperwork and documents generated by the dealership for said vehicle on or after October 29, 2001; and a copy of any and all documents mailed to or delivered to LaSalle Companies.
**in your possession or control.**

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

WITNESS **DOROTHY BROWN** AUG 2 2 2006

**Clerk of Court**

**Atty . No.**     N/A
**Name:** LAMAR C. CHAPMAN III, Solo Fides
**Attorney for:** Defendant, Pro SE
**Address:** 1314 Kensington Road - POB 5232
**City/Zip:** Oak Brook, IL 60523-5232
**Telephone:** (877) 527-2526 or (877) LASALCO

**I served this subpoena by handing a copy to** ABOVE-NAMED RESPONDENT OR DESIGNATED

REPRESENTATIVE                    **on**  TUESDAY, AUGUST 22,       , 2006 **I paid the witness**

$     N/A             **for witness and mileage fees.**

Signed and sworn to before me on this   22nd   **day of**  August              , 2006

OFFICIAL SEAL
BRYAN S. GLASS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT 18 2006

**Notary Public**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2180 - Served
2280 - Not Served
2380 - Served By Mail
Subpoena - Subpoena Duces Tecum

(Rev. 12/4/00) CCG 0006

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

v.

LAMAR C. CHAPMAN III

No.  05 C 440627

## SUBPOENA

**To:**  TIM MARTIN, COMPLAINANT
MOTOR WERKS OF BARRINGTON

Barrington and Dundee Roads
Barrington, IL 60010-9849

**YOU ARE COMMANDED** to appear to testify before the Honorable  LAWRENCE J..TERRELL

in Room  105 , FOURTH MUNICIPAL DISTRICT COURTHOUSE, MAYWOOD, Illinois on

MONDAY, AUGUST 28, , 2006 , at  9:00  a.m.
p.m.

**YOU ARE COMMANDED ALSO to bring the following:**
1997 Mercedes-Benz VIN WDBJF72FXVA309245; Original Dealer Keys found in the same; any and all dealership paperwork and documents generated for said vehicle on or after October 29, 2001; and a copy of any and all documents mailed to or delivered to LaSalle Companies.
in your possession or control.

**YOUR FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT.**

WITNESS  DOROTHY BR̲̅ AUG 2 2 2006

Atty . No.  N/A

**Name:**  LAMAR C. CHAPMAN III, Solo Fides

**Attorney for:** 1314 Kensington Road - POB 5232

**Address:** Defendant, Pro Se

**City/Zip:** Oak Brook, IL 60523-5232

**Telephone:**

Clerk of Court

**I served this subpoena by handing a copy to** ABOVE-NAMED COMPLAINANT OR DESIGNATED

REPRESENTATIVE  **on** TUESDAY, AUGUST 22, , 2006  **I paid the witness**

$  N/A  **for witness and mileage fees.**

BRYAN S. GLASS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES OCT 18 2006

Signed and sworn to before me this  22nd  **day of**  August  , 2006

_____ **Notary Public**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# ALEXANDER, CAVANAUGH & BLOCK, LLC

LIABILITY MITIGATION™ • SURROGATE LITIGATION™ • ASSET RE-APPROPRIATION™ • LITIGATION FUNDING & BUSINESS COUNSEL™

*Business Counsel - For The Business of Life!®*

1314 Kensington Road
Post Office Box 5232
Oak Brook Illinois 60523-5232
Toll Free Number (877) 31-BLOCK
Writer's Direct Number (630) 881-1936
Facsimile Toll Free Number (800) 706-5373
E-mail: acblock.com

*April 5, 2007*

**FIRST CLASS U.S. MAIL**

Honorable Roger E. Walker, Jr.
Director – Illinois Department of Corrections
C/O James Reinhart, Chief of Staff
ILLINOIS DEPARTMENT OF CORRECTIONS
1301 Concordia Court
Post Office Box 19277
Springfield, Illinois 62794-9277

**RE: Mr. James Hambleton, Dietary Services**
**Vienna Correctional Center**

Dear Mr. Reinhart:

How do you motivate a senior executive who has historically earned in the range of six hundred and fifty dollars ($650.00) up to twelve hundred and thirty-five dollars ($1,235.00) per hour to give you his best efforts for less than thirteen (.13¢) cents per hour? Ask Jim Hambleton!

On April 3, 2007, the undersigned paroled out of the Vienna Correctional Center without any opportunity to say thank you to one of the most professional managers I have ever met or served under in the public, private or military sector of business.

Mr. Reinhart, as a result of successful United States Supreme Court succession lobbying the undersigned has been illegally subjected to official misconduct in the form of "judicial weaponization". Although the collateral retaliatory and derivative arrests, convictions, sentences and detentions will be held unconstitutional and expunged under federal law, (*See Memorandum on Injustice pending before The United States Senate Judiciary Sub-committee*) there is nothing inappropriate about the admiration that I can advance for my supervised service over the past five (5) weeks under the artful, highly professional and caring directions of Mr. James Hambleton.

---

*Chicago, New York, San Francisco, Los Angeles, Detroit, Atlanta, Milwaukee, Houston, Portland, Tulsa, Washington, D.C.,
Philadelphia, Miami, Pittsburgh, Cleveland, Baltimore, Indianapolis, Memphis, Louisville, St. Louis, Kansas City, Buffalo,
Minneapolis, Cincinnati, San Antonio, Phoenix, Seattle, New Orleans, Orlando, Denver, Toronto, Ontario, Canada
and Worldwide Affiliates*

www.acblock.com

**A LA SALLE COMPANY**
*www.lasallecompanies.com*

ALEXANDER, CAVANAUGH **&** BLOCK, LLC

**James Reinhart, Chief of Staff**
**Illinois Department of Corrections**
**April 5, 2007**

**Page II**

Please take special notice that Mr. Hambleton has a professionally unconscious, yet lucid and clearly intentional way of defusing "anticipated anger" rightfully facilitated by real or perceived injustice; while simultaneously allowing the "imprisoned victim" to maintain his highly regarded self-esteem and dignity.

With more than twenty-eight (28) years of business counsel, marketing and management experience the undersigned is uniquely qualified to substantiate the fact that Mr. James Hambleton is a valuable asset to the Illinois Department of Corrections. The young men incarcerated in the Vienna Correctional Center are very fortunate to be on the receiving end of Mr. Hambleton's caring and when security dictates disciplinary management style.

Mr. Reinhart, on behalf of the undersigned please thank Mr. Hambleton for the insightful, "one of a kind and unforgettable experience."

*Very respectfully yours*
ALEXANDER, CAVANAUGH **&** BLOCK, LLC

L. CHRISTOPHER CHAPMAN III, *Solo Fides* ™
Managing Director / Chief Business Counsel

LCHII:dv
Enclosure – *Bio*

cc:  Ms. Deanne E. Bonus, Assistant Director – Illinois Department of Corrections
    Mr. Jody Hathaway, Warden – Vienna Correctional Center
    Ms. Marlo Butler, Senior Parole Officer – Illinois Department of Corrections
    Mr. James Hambleton
    Ms. Kimberly Masini, United States Justice Department

*Please note: As we continue to assess civil damages, at the time of writing this correspondence some toll free numbers may or may not be accessible or in operation due to the extended absence and imprisonment of the author and any such service shall be restored as soon as technically practical. Thank you for your patience.*

*His Truth Keeps Marching On... Revelations 2:10!*

### *About the Author*

Lamar C. Chapman III is Chairman and Chief Executive Officer of Christopher LaSalle and Company, Incorporated and LaSalle Companies, Incorporated – business holding organizations concentrating in developing and trading unregistered partnerships and closely held enterprises. LaSalle Companies is a privately held firm. Through a network of independently operating companies, contractors and affiliates, LaSalle Companies operate in major and international markets offering business, corporate and professional services with annual revenues, earnings, sales and billing undisclosed.

Prior to joining LaSalle, Mr. Chapman held executive level positions with the consulting firm ADESCO, Federal Express Corporation, Greyhound/Dial Corporation, the Charles R. Walgreen Corporation, and the Ford Motor Corporation. He has traveled extensively throughout the Nation and internationally consulting on the application of marketing and concentrating in the area of privately held business ownership, structure and development. He has been named *Who's Who in U.S. Executives* for 1991, 1992, 1993, and 1994 and *Who's Who in Mid-West Marketing* for the same period. After reviewing Mr. Chapman's business operation, an astonished response from Mr. Chapman's former employer is worth repeating: "*Who let that man quit? This man is smarter than anyone of you sitting here!*" - Quoting Fredrick W. Smith, Chairman and Founder – Federal Express Corporation. The Greyhound Corporation says about Mr. Chapman's tenure: "*Whatever he wants or you need to offer him to get him to stay, give it to him!*" – Fred Donakowski, President Greyhound, Incorporated. George Paganis, Sr., Chairman and Chief Executive Officer of ADESCO made Mr. Chapman a multi-year, million dollar offer to continue in his capacity with ADESCO as a business consultant. Lamar C. Chapman III started from humble beginnings[1].

Mr. Chapman has studied at the University of Illinois, the University of Chicago and is an alumnus of the United States Naval Academy in Annapolis, Maryland, Class of 1975 as appointed by the late Richard Milhous Nixon - *Thirty-seventh President of the United States*. He has been divinely distinguished and ordained with sacerdotal doctorates in business; law; and systematic philosophy. He is a former undefeated U.S. Naval Featherweight Boxing Champion and Mrs. Dwight D. [Mamie] Eisenhower's 1972 and 1976 United States Olympic Boxing Team *designee*. Mr. Chapman is also a recipient of the United States Navy National Defense Medal; U.S. Navy Sharpshooter (*Rifle*); and Expert Pistol Awards. More than twenty (20) years after his Honorable Discharge from military service, in November 1995, Mr. Chapman was first eligible and invited for induction and membership into the prestigious United States Naval Institute.

As an author, Mr. Chapman has written and developed sales training and marketing courses such as *Basic Telemarketing Skills and Practical Selling Skills* for a national courier company. He has authored a number of published articles and self-published "*custom mini-books*" including anonymously crafted advertisement, speeches and documents for commercial application and for prominent business executives and leaders. As a "God-gifted Litigator," and victorious against the top two percent (*banks, insurance companies and the government*)[2] Mr. Chapman has written for every level of the State and Federal Judiciary including the Illinois and United States Supreme Courts, the United States Court of Federal Claims and the United States Senate – Judiciary Subcommittee. As a facilitator of the Potter's abundant love, Mr. Chapman's whistle blowing efforts and persistent highlighting of "*official misconduct*" in a downstate Illinois Courthouse was instrumental in the state overturning more than 250 criminal convictions and Honorable Governor George Ryan placing a moratorium on the death penalty in the State of Illinois.

Although he has no aspiration to practice law or formal training in the practice of law, in April, 1991, Mr. Chapman was awarded the largest judgment ever awarded by the Circuit Court of Cook County, Illinois – First Municipal District, Honorable Angelo D. Mistretta, Judge Presiding. With more than two decades of practical civil litigation experience under his belt, Mr. Chapman has more than eighty-three (83) legal opinions published in cases he has personally litigated. He has been victorious over some of the Nation's most prominent and prestigious law firms. John F. Grady, Senior U.S. District Judge writes: "*Mr. Chapman is a prolific litigator in this judicial district.*" Arlander Keys, Presiding Magistrate for the United States District Court says: "*Mr. Chapman's legal writing and strategy is simply brilliant.*" Chief District Judge Marvin E. Aspen writes: "*Mr. Chapman has cut a wide swath[3] through the federal court system.*" The United States Court of Appeals for the Tenth Circuit seated in Denver, Colorado writes: "*Appellant is a sophisticated legal writer and we very seldom see this degree of legal sophistication at this level of the judiciary.*" In a landmark, unprecedented "*tortuous peregrination*", Mr. Chapman's successful, sacrificial and "persecution style" lobbying caused a Chief Federal Judge to abruptly offer his resignation (March 28, 2006) to President George W. Bush with years left on the judicial administrator's appointed term in office. As noted in this foreordained "victory" and as personally, biblically and joyfully anticipated, Mr. Chapman has been and continues to be "*officially victimized*" and subjected to retaliatory and Godless judicial civil rights abuse resulting from the judge's involuntary and circumstantial "*family hardship*" resignation.

§

**Lamar C. Chapman III**
**Page II**

Martin C. Ashman, U.S. Magistrate Judge says: "*Mr. Chapman is doing nothing more than what the law allows.*" Samuel King, Chief United States District Judge, *Emeritus*, Honolulu, Hawaii at a civil pretrial conference held in September 1997 says: "*Mr. Chapman's legal ability is amazing.*" Brian Barnett Duff, U.S. District Judge states from the Bench: "*Mr. Chapman is handsome, well-dressed, and articulate with a flair for words.*" Wayne R. Andersen, U.S. District Judge states from the Bench: "…*Most lawyers don't want to be on the other side of Mr. Chapman's case.*" The Executive Committee of the United States District Court for the Northern District of Illinois, Eastern Division, Chief Judge Charles P. Kocoras, presiding (September 2002) places Mr. Chapman's legal pleadings under an "*in camera*" closed court, unconstitutional and heighten standard of scrutiny and preview. U.S. District Judge Joan B. Gottschall states from the Bench "…*that it is apparent that Plaintiff* [Mr. Chapman] *is more knowledgeable on the Federal Rules of Civil Procedure than Counsel for his opponents.*" Jack B. Schmetterer, Federal Judge writes in a published opinion: "*Mr. Chapman destroys his opponents' will to fight. He wins based on having the lowest cost.*" Unlawfully "*legislating from the Bench,*" Mr. Chapman is the recipient of a six month retaliatory judicial appointment to the Federal Bureau of Prisons "*Disciplinary Purpose*" Committee by U.S. District Judge James B. Zagel. Twenty-eight months after Mr. Chapman's first complaint and inquiry filed with the United States Senate Judiciary Sub-committee and as a derivative result or remnant of the same, Mr. Alberto Gonzales, United States Attorney General offered his resignation from public service (August 27, 2007), as accepted by the President of the United States - Mr. George W. Bush. Senior U.S. District Judge, Milton I. Shadur in September 1986, (Case Number 86 C 6001) after a lengthy civil hearing refused to pierce Mr. Chapman's corporate Vail and that Court found "*Mr. Chapman to be ingenious.*"

Mr. Chapman has been the recipient of a Presidential (*Richard M. Nixon*) Appointment; a Congressional (*William L. Dawson*) Nomination; a Gubernatorial (*Richard B. Ogilvie*) Military Commission; and Judicial (*Honorable Francis Barth*) Appointment. Mr. Chapman is also a registered and authorized United States Department of the Treasury, Internal Revenue Service taxpayer advocate, representative and practitioner. He has been recognized by the City of Chicago and The Chicago Board of Education for his voluntary work in their drop-out prevention programs. He formerly served the People of Cook County as a Republican Judge of Elections as appointed by the presiding judge for the Circuit Court of Cook County, County Department – County Division. He serves as Founding and Executive Director of *Judicial Watch* and LAWYER, *PRO SE* ™ - two not-for-profit civic organizations founded to serve humanity, educate, inform and assist the less fortunate. Mr. Chapman is also the recipient of the prestigious *Instrumentalist Magazine* Merit Award for his unrelenting fundraising efforts and has been recently inducted into the "*Hinsdale Most Wanted*" – a prestigious charitable organization of wealthy Oak Brook/Hinsdale business leaders and philanthropist serving special needs children in DuPage County. He's recognized by schools and institutions of higher learning for his generous equipment donations. He has consulted for and is a member of the board of directors for a broad range of closely or privately held and middle market companies in food service, marketing, advertising, legal, finance, career resources, transportation, security, distribution, manufacturing, fabrication, retailing, publishing and government sales. Lamar C. Chapman III, *Solo Fides* ™ is a Spirit-Filled Believer, Founder and Chief Fundraising Officer of Spiritually Yours ® - a not-for-profit and self-sustaining Ministry of LaSalle Companies.

In his divinely covenant "*Priestcraft*" Mr. Chapman answered our Creator's Call on his heart on July 11, 1991. As a passionate theologian and rabbi, he studies and teaches the Word of God daily as inspired by some of our Nation's most prolific Spiritual scholars offered by The Moody Bible Institute - WMBI Network. He regularly speaks to our youth on a *pro bono* basis on only one subject: "*Overcoming Peer Pressure, Gangsmenship, Drugs and Street Traps by Living the Victorious Spirit-Filled Life.*" He has sermoned from the Pulpits of the University of Chicago historic John D. Rockefeller Memorial Chapel and the University of Chicago Bond Chapel. Mr. Chapman has been married to his "*eight-grade*" sweetheart - Vanessa Marie, for more than thirty-two (32) uninterrupted years and together, as decreed "*for better or for worse*" their blessings include two college educated adult daughters; two divinely appointed son-in-laws; three gifted granddaughters; and a healthy, wisdom-filled eighty (80) year old Matriarch. GOD IS GOOD!

---

*[1] In October 1986, Mr. Chapman was included on the Dunn and Bradstreet "Certified Gold List" of the Top 2½ Percent of Elite Americans. [2] Quoting Honorable Joan Humphrey Lefkow, Judge, USDC, Northern District Illinois, Eastern Division.* **[3](Swath means -"To accomplish much; hence make a fine impression"…Funk & Wagnall's New International Dictionary).**

*Please note that each and every altruistic accomplishment and inference of success as set forth herein has been unconstitutionally verified and confirmed by employees of the United States Department of Justice and the U.S. Postal Inspectors for any incriminating statements, fraudulent or indictable misrepresentations or any conduct supporting criminal charges for mail, postal fraud or justification for perpetual surveillance, and unwarranted personal, professional, business scrutiny or unsuccessful attempts at personal, professional and family intimidation. Be Forever Enlightened and Encouraged By the Almighty Word of God at Jeremiah 29:11-13 NIV. Best Wishes for a Spiritually Productive Day!* ™      ♦      *All Rights Reserved August 24, 2007 - dv*

# NOTICE OF FILING
# CERTIFICATE OF SERVICE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LAMAR C. CHAPMAN III,  }
}
    *Petitioner,*  }    **CASE NUMBER:**
}
    -*vs*-  }
}    **ASSIGNED JUDGE:**
ROGER E. WALKER, JR., Director of the  }
Illinois Department of Corrections,  }
*in his official capacity*; THE ILLINOIS  }    **MAGISTRATE JUDGE:**
DEPARTMENT OF CORRECTIONS; and  }
LISA MADIGAN, *in her official capacity*  }    *Related Case Number 06 C 7026*
as ATTORNEY GENERAL for the  }    *Honorable Amy J. St Eve, Presiding*
PEOPLE OF THE STATE OF ILLINOIS,  }    *Disposed of on December 28, 2006*
}
    *Respondents.*  }
}

## NOTICE OF FILING

TO:  Lisa Madigan, *Esq.*           Mr. Roger E. Walker, Jr.
      Illinois Attorney General       Director, Department of Corrections
      C/O Criminal Appeals         1301 Concordia Court
      James R. Thompson Center     Post Office Box 19277
      100 West Randolph            Springfield, IL 62794-9277
      Chicago, IL 60601

    *PLEASE TAKE NOTICE* that on Thursday, November 15, 2007, the undersigned filed with the Clerk of the United States District Court the attached **VERIFIED PETITION FOR HABEAS CORPUS RELIEF**, *as attached hereto and served upon you herewith.*

## PROOF OF SERVICE

    LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer, Petitioner, *Pro Se*, being first duly sworn and pursuant to the penalties of perjury states that he served the above-named persons or their designated representatives with a copy of this Notice and all relevant attachments *via* first class U.S. Mail by mailing the same, addressed as indicated in a postage prepaid envelope, and mailed from the U.S. Postal Facility located in Oak Brook, Illinois on Thursday, November 15, 2007, before the hour of 5:00 PM.

                               LAMAR C. CHAPMAN III, Petitioner, *Pro Se*

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1