IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 19 2007
Dec 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LAMAR C. CHAPMAN III,

        *Petitioner,*

-vs-

ROGER E. WALKER, JR., Director of the Illinois Department of Corrections, *in his official capacity*; THE ILLINOIS DEPARTMENT OF CORRECTIONS; and LISA MADIGAN, *in her official capacity* as ATTORNEY GENERAL for the PEOPLE OF THE STATE OF ILLINOIS,

        *Respondents.*

Case Number 07 C 6484

**Honorable Amy St. Eve**
*Judge Presiding*

**Honorable Geraldine Soat Brown**
*Magistrate Judge Presiding*

## NOTICE OF FILING

TO: Lisa Madigan, Esq.
Illinois Attorney General
C/O Criminal Appeals
James R. Thompson Center
100 West Randolph Street
Chicago, IL 60601

Mr. Roger W. Walker, Jr.
Director, Department of Corrections
1301 Concordia Court
Post Office Box 19277
Springfield, IL 62794-9277

    *PLEASE TAKE NOTICE* that pursuant to the November 20, 2007, Order of Court, on Wednesday, December 19, 2007, the undersigned filed with the Clerk of the United States District Court an **AMENDED PETITION FOR HABEAS CORPUS – PERSON IN STATE CUSTODY**, *as attached hereto and served upon you herewith.*

## PROOF OF SERVICE

    LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer/Petitioner, *Pro Se* being first duly sworn and pursuant to the penalties of perjury states that he served the above-named persons or their designated representatives with a copy of this Notice, and all relevant attachments via first class U.S. Mail by mailing the same, addressed as indicated in a postage prepaid envelope, and mailed from the U.S. Postal Facility located in Oak Brook, Illinois on Wednesday, December 19, 2007, before the hour of 5:00 PM.

                                     LAMAR C. CHAPMAN III, Petitioner, *Pro Se*

Non-Attorney, Non-Lawyer
Petitioner, Pro Se
LAMAR C. CHAPMAN III
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

1

## ADDITIONAL SERVICE

Honorable Amy J. St. Eve
Judge, United States District Court
Everett McKinley Dirksen
United States Courthouse
Chambers 1241
219 South Dearborn Street
Chicago, IL 60604
*Court Required Courtesy Copy*

Honorable Michael W. Dobbins
Clerk of the Court
United States District Court
Everett McKinley Dirksen Building
20th Floor – Filing Desk
219 South Dearborn Street
Chicago, IL 60604

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel. )
)
LAMAR C. CHAPMAN III - R59114 )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER ) CASE NO: 07 C 6484
) (Supplied by Clerk of this Court)
vs. )
) Honorable Amy St. Eve,
) Judge Presiding
ROGER E. WALKER, JR., Director )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
ILLINOIS DEPARTMENT OF CORRECTIONS; ) Honorable Geraldine Soat - Brown,
RESPONDENT, and ) Magistrate Judge
)
(Fill in the following blank **only** if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF ) Case Number of State Court Conviction:
)
LISA MADIGAN, STATE OF ILLINOIS )
) 05 C4 40627
(State where judgment entered) )

**FILED**
DEC 1 9 2007
Dec 19 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: <u>Circuit Court of Cook County, Illinois</u>

   <u>Fourth Municipal District, 1500 Maybrook Drive, Maywood, IL 60153</u>

2. Date of judgment of conviction: <u>November 15, 2006</u>

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

   <u>POSSESSION OF A STOLEN MOTOR VEHICLE</u>

4. Sentence(s) imposed: <u>Three Years Custody of Illinois Department of Corrections</u>
   <u>Two Years Probation.</u>

5. What was your plea? (Check one)   (A) Not guilty   ( X )
                                      (B) Guilty      (   )
                                      (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

   <u>NOT APPLICABLE</u>

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury ( x )   Judge only ( )

2. Did you testify at trial?   YES ( )   NO   ( x )

3. Did you appeal from the conviction or the sentence imposed?   YES ( x )   NO ( )

   (A) If you appealed, give the

       (1) Name of court:   ILLINOIS APPELLATE COURT, FIRST DISTRICT

       (2) Result:   RULING PENDING

       (3) Date of ruling:   RULING PENDING

       (4) Issues raised:   ARREST WITHOUT WARRANT OR PROBABLE CAUSE; DENIED RIGHT TO COUNSEL; DUE PROCESS VIOLATIONS; DENIED RIGHT TO CHALLENGE JURORS; SEARCH AND SEIZURE WITHOUT A WARRANT; VERDICT VIOLATES DUE PROCESS.

   (B) If you did not appeal, explain briefly why not:

   NOT APPLICABLE

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES ( )   NO ( x )

   (A) If yes, give the

       (1) Result   NOT APPLICABLE

       (2) Date of ruling:   N/A

       (3) Issues raised:   N/A

   (B) If no, why not:   RULING PENDING IN ILLINOIS APPELLATE COURT

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No ( X )

   If yes, give (A) date of petition:   N/A   (B) date *certiorari* was denied:   N/A

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: <u>Circuit Court of Cook County - Fourth Municipal District</u>

   B. Date of filing: <u>December 14, 2006</u>

   C. Issues raised: <u>Due Process Issues as Fully Set Forth In 3(A)(4) herein:</u> <u>Stop without probable cause; arrest without a warrant; search and</u> <u>seizure without a warrant; Due Process Violations; denied right to</u> <u>counsel; verdict violates due process</u>

   D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (x)
   <u>Petition Was Summarily Denied Without a Hearing</u>

   E. What was the court's ruling? <u>DENIED WITHOUT HEARING</u>

   F. Date of court's ruling: <u>December 14, 2006</u>

   G. Did you appeal from the ruling on your petition?   YES (X)   NO ( )

   H. (a) If yes, (1) what was the result? <u>NO RULING FROM APPELLATE COURT</u>

   (2) date of decision: <u>NOT APPLICABLE</u>

   (b) If no, explain briefly why not: <u>NOT APPLICABLE</u>

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES ( )   NO (x)

   (a) If yes, (1) what was the result? <u>NOT APPLICABLE</u>

   (2) date of decision: <u>NONE</u>

   (b) If no, explain briefly why not: <u>WAITING ON RULING FROM ILLINOIS</u> <u>APPELLATE COURT</u>

3

2. With respect to this conviction or sentence, have you filed a petition in a state court using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding    N/A

      2. Date petition filed    N/A

      3. Ruling on the petition    N/A

      3. Date of ruling    N/A

      4. If you appealed, what was the ruling on appeal?    N/A

      5. Date of ruling on appeal    N/A

      6. If there was a further appeal, what was the ruling?    N/A

      7. Date of ruling on appeal    N/A

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in federal court? YES (X)   NO ( )

   A. If yes, give name of court, case title and case number: Lamar C. Chapman III vs. Thomas Dart United States District Court, Northern District of Illinois, EasternDivision Case Number 06 C 7026, Honorable Amy J. St. Eve, Judge Presiding.

   B. Did the court rule on your petition? If so, state

      (1) Ruling: Dismissal without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases

      (2) Date: December 28, 2006

4. **WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?**

YES (x)   NO ( )

If yes, explain: Illinois Appellate Court, FIRST DISTRICT CRIMINAL APPEAL HAS BEEN PENDING FOR TWELVE (12) MONTHS, IN VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS. See December 28, 2006, Order of Court attached hereto as Exhibit A, and made a part hereof.

4

**PART III -- PETITIONER'S CLAIMS**

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

    (A) **Ground one**
        **Supporting facts** (*tell your story <u>briefly</u> without citing cases or law*):

Petitioner's state criminal conviction came at the expense of Petitioner's Federal and Constitutional Rights to assistance of counsel. The state court repeatedly denied Petitioner his right to criminal counsel prior to trial, during trial and during post-judgment proceedings. Petitioner's Sixth Amendment Constitutional Right to Counsel was knowingly compromised by the state court judge. The Record before the state court and Petitioner's Verified Petition for Habeas Relief shows that the Petitioner in open court, requested to be represented by counsel on more than six (6) separate occasions. The state court judge denied Petitioner's request for continuance pending retention of counsel and stated that if *"Petitioner [Defendant] didn't like the Court's ruling then take an appeal. Now step away from the Bench."*

Petitioner unsuccessfully attempted to retain at least seventeen local attorneys to represent him in the state court criminal proceedings. Some of the attorneys contacted by Petitioner or his family members were Bradley Lerman, Tommy Brewer, Charles Starkey, Anton Valukas, Sam Ash, Sam Ash, Jr., Eugene Pincham, Christopher Bemben, James Striganti, E. Harris, Scott Arthur, Stephen Canody, and several other Illinois lawyers.

    (B) **Ground two**
        **Supporting facts:**

5

Petitioner's state criminal conviction came at the expense of Petitioner's Federal and Constitutional Rights prohibiting arrest and initial stop without warrant or probable cause.

On June 7, 2005, Petitioner's initial stop and arrest was made without probable cause and in violation of federal law. Petitioner was walking out of a grocery store in the middle of the afternoon with flowers and balloons for his granddaughter's fourth birthday party. Two armed police officers from The Village of Franklin Park, Illinois Police Department waiting by Petitioner's parked company owned, company car, told Petitioner that they had a warrant for his arrest, but refused to show Petitioner any warrant. There were no warrants ever issued by any Court, in any jurisdiction, executed by any judge for Petitioner's arrest on June 7, 2005, or subsequently thereafter or prior thereto. The state court compromised due process; intentionally misruled and refused to grant Petitioner's Motion to Dismiss.

### (C) Ground three
**Supporting facts:**

On June 7, 2005, Petitioner's company owned, company vehicle (Petitioner is sole proprietor of company), was towed by the Franklin Park Police Department and searched and seized without warrant. The state court judge intentionally misruled and compromised Petitioner's rights to due process when the state court denied Petitioner's Motion to Quash and Suppress Evidence and Dismiss. Moreover, the state was allowed to use evidence it had taken in violation of the Fourth Amendment to the United States Constitution to convict Petitioner of Possession of a Stolen Motor Vehicle.

### (D) Ground four
**Supporting facts:**

On November 13, 2006, Petitioner moved the state court to dismiss for the violation of Petitioner's right to a speedy trial. The state had been granted continuance

6

after continuance, after continuance while the Petitioner was incarcerated from June 8, 2005, until April 26, 2006, in the maximum security division of the county jail without bond. The state court judge intentionally misruled and denied the Petitioner's Motion to Dismiss. The state criminal conviction came at the expense of Petitioner's federally protected right to a fair and speedy trial.

### (E) Ground five
### Supporting facts:

On June 8, 2005, the state *nolle prosecuted* the above-referenced criminal charges against the [Defendant] Petitioner and all charges were dismissed by order of the state court. The state court, specifically State Court Judge Lawrence J. Terrell, refused to protect Petitioner's Constitutional rights against double jeopardy and on November 13, 2006, allowed the Petitioner to go to trial without criminal counsel and to be criminally convicted for the same charges that had been dismissed on June 8, 2005. Petitioner's federally protected rights to due process had been compromised and the criminal conviction came at the expense of Petitioner's Constitutional Rights.

### (F) Ground six
### Supporting facts:

On November 13, 2006, at the state trial, state court judge Lawrence J. Terrell allowed all blacks to be excluded by the state from the Jury and refused to allow Petitioner to use his challenges to challenge the all white jury seated for this African American [Defendant] Petitioner. Petitioner's constitutional right to a trial by jury of his peers has been knowingly compromised. Petitioner's conviction came at the expense of the Petitioner's federally protected rights.

### (G) Ground seven
### Supporting facts:

On November 13, 2006, at the state trial, state court judge Lawrence J. Terrell refused to allow Defendant [Petitioner] any witnesses at this three (3) day trial. Witness

7

Maureen O'Brien appeared on behalf of the Defendant [Petitioner] and by contempt admonishment by the state court was not allowed to enter the courtroom or to take the witness stand. Judge Lawrence Terrell also admonished the unrepresented [Defendant], Petitioner in open court that if he ever filed a Motion for Rule to Show Cause to Compel the attendance of witnesses in his courtroom again that he [Petitioner] would be looking at jail time. Consequently, all witness who had been properly served with a subpoena, or subpoena *duces tecum*, issued by the Clerk of the Court refused to appear and to testify at the November 13, 2006, trial of the [Defendant], Petitioner. Petitioner was convicted without the benefit of counsel, witnesses or evidence. Petitioner's unconstitutional criminal conviction violates the edicts of due process.

### (H) Ground eight
**Supporting facts:**

On November 16, 2006, the trial court convicted the Petitioner of Possession of a Stolen Motor Vehicle without any consideration for the federal requirements of due process of law; summarily revoked Petitioner's cash bond, without the lawfully required notice, motion or hearing; and immediately sent the Petitioner to the Cook County Jail. When Petitioner requested permission to address the state court, Judge Terrell, silently denied that request with his abrupt departure from the Bench.

### (I) Ground nine
**Supporting facts:**

On December 6, 2006, the unrepresented [Defendant], Petitioner filed three (3) post-judgments motions. Petitioner filed a Motion to Vacate Jury Verdict for the reasons set forth herein; a Motion to Reinstate Bond Pending Appeal; and a Motion for Substitute of Judge Lawrence Terrell for Cause. On December 14, 2006, Judge Terrell denied all three (3) motions without any hearing whatsoever, including the motion to substitute for cause which the law strictly prohibited his hearing of the motion to substitute.

8

Petitioner's absolute rights to due process as set forth in the Fourteenth Amendment of the United States Constitution have knowingly and criminally been compromised by the state.

### (J) Ground ten
### Supporting facts:

It has been exactly twelve (12) months since the Petitioner filed his post-conviction pleadings and Notice of Appeal attacking the underlying unconstitutional criminal conviction. The state tolling of the statute of limitations and in accordance with relevant Rules Governing Section 2254 Cases, Petitioner has exhausted all available state remedies. On April 3, 2007, Petitioner was paroled from the Vienna Correctional Institute in Vienna, Illinois where he served additional unconstitutional time in state custody.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction? YES ( )  NO (**X**)

3. If you answered "**NO**" to question (16), state briefly what grounds were not so presented and why not:

I believe that all of the grounds raised have been raised at the Illinois Appellate Court and have been waiting ruling for more than twelve (12) months. These grounds cannot be jurisdictionally raised at the Illinois Supreme Court level because of the Illinois Appellate Court's failure to rule on the same within the time required by law.

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

|     |     |     |
|-----|-----|-----|
| (A) | At preliminary hearing | NONE |
| (B) | At arraignment and plea | Cook County Public Defender |
| (C) | At trial | NONE |

9

(D)  At sentencing                          NONE

(E)  On appeal                              Office of the State Public Defender

(F)  In any post-conviction proceeding      NONE

(G)  Other (state):                         Not Applicable

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence:  Not Applicable

Date and length of sentence to be served in the future:      Not Applicable

   *WHEREFORE*, Petitioner Lamar C. Chapman III, Non-Attorney, Non-Lawyer, *Pro Se*, respectfully prays that this Honorable Court will grant Petitioner all relief to which he may be entitled in this proceeding; including but not limited to vacating the November 16, 2006, trial court criminal conviction; expunge any and all criminal records from the November 16, 2006, unconstitutional conviction; seal and/or strike any and all state court criminal proceedings; and for such further relief that is morally and constitutionally warranted.

   I declare under penalty of perjury that the foregoing is true and correct.

                         *Respectfully submitted,*

                         _____
                         LAMAR C. CHAPMAN III, Petitioner, *Pro Se*
                         Illinois Department of Corrections Number R59-114

**Signed on: December 19, 2007**

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

10

# PETITIONER'S EXHIBIT, A

*December 28, 2006*
*Dismissal Order of the Court*

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6484 | DATE | 11/20/2007 |
| CASE TITLE | Chapman vs. Walker, et al | | |

**DOCKET ENTRY TEXT**

Petitioner is granted thirty days in which to submit an amended habeas petition (plus a judge's copy and service copy). The Clerk is directed to mail Petitioner an amended habeas form and instructions. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this action.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Lamar C. Chapman, a state prisoner who is currently out on parole, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005 state criminal conviction for possession of a stolen vehicle. Petitioner has paid the statutory filing fee.

The habeas petition on file is unacceptable. Because Petitioner has failed to use the Court's required form, *see* Local Rule 81.3(a) (N.D. Ill.), the Court does not have the information necessary to conduct the threshold review mandated by Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. The document Petitioner submitted does not provide a coherent history of the post-conviction proceedings in state court; furthermore, Petitioner has failed to articulate the grounds for seeking relief in federal court.

For the foregoing reasons, Petitioner is directed to submit an amended habeas petition (plus a judge's copy and service copy) using the Court's approved form. The Clerk will provide Petitioner with an amended habeas form and instructions. If Petitioner fails to comply with this order within thirty days, the Court will summarily dismiss this action.

| | Courtroom Deputy Initials: | TH |
|---|---|---|

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7026 | **DATE** | 12/28/2006 |
| **CASE TITLE** | Lamar C. Chapman, III vs. Thomas Dart | | |

**DOCKET ENTRY TEXT**

Petitioner has paid the filing fee. The Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Petitioner brings the present petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Petitioner does not state specifically of what he was convicted, it appears he was convicted of possessing or possession of a stolen motor vehicle and criminal trespass to a motor vehicle on November 15, 2006. Petitioner is due to be sentenced in state court on January 30, 2007.

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Here, Petitioner has yet to be sentenced in state court, and thus has a number of state remedies to pursue before exhausting his state remedies, in particular, a direct appeal to the Illinois Appellate Court. Simply put, Petitioner has failed to exhaust his state court remedies, and thus the present habeas petition is not properly before the Court.

The Court advises Petitioner that Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations subject to certain tolling provisions. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005); *Gray v. Briley*, 305 F.3d 777, 778 (7th Cir. 2002). For instance, the statute expressly recognizes that the one-year period is tolled during the pendency of properly filed state post-conviction petitions. *Powell v. Davis*, 415 F.3d 722, 725 (7th Cir. 2005); *see also Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Petitioner therefore should file his federal habeas petition as soon as possible *after his state remedies are completed* so that he files it within the statute of limitations. *See Dolis v. Chambers*, 454 F.3d 721, 723-24 (7th Cir. 2006) (if statute of limitations not at issue, dismissal of habeas petition without prejudice appropriate); *see generally Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Accordingly, after preliminary review, the Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court also dismisses Petitioner's emergency motion as moot.

| | Courtroom Deputy Initials: | GR |
|---|---|---|