## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6484 | **DATE** | 1/2/2008 |
| **CASE TITLE** | Chapman vs. Walker, et al | | |

**DOCKET ENTRY TEXT**

Respondent is directed to file a response to the amended habeas petition on or before February 1, 2008. The response shall address the issues outlined in this Order, as well as any other issues Respondent deems relevant. Petitioner shall file a reply on or before February 22, 2008.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Lamar C. Chapman, a state prisoner who is currently out on parole, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges, on numerous grounds, his 2005 state criminal conviction for possession of a stolen vehicle. Petitioner has paid the statutory filing fee; he has also filed an amended habeas petition as directed.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 generally must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). In fact, the Court notes that a previous habeas action brought by the Petitioner was dismissed for failure to exhaust administrative remedies prior to seeking federal habeas review. *See Chapman v. Dart*, Case No. 06 C 7026 (N.D. Ill.), dismissed by Minute Order of December 28, 2006 (St. Eve, J.).

However, 28 U.S.C. § 2254(b) provides for two exceptions to the general exhaustion requirement: (1) when there exists no state corrective process, and (2) when circumstances render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A failure to exhaust may be deemed excused if the available state corrective process is ineffective–that is, if there exists an inordinate and unjustified delay in the state court proceedings. *Id.; see also, Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).

Petitioner seeks to bypass state court remedies on the basis that the Illinois Appellate Court has not ruled on either Petitioner's direct appeal or his post-conviction petition, both of which have purportedly been pending for over a year. While there is no bright line rule as to what constitutes "inordinate" delay, the court of appeals for this circuit has found delays of seventeen months and three and one-half years to be inordinate. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (on direct appeal from conviction, attorney's failure to file appellate brief after seventeen months constituted inordinate delay); *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (exhaustion excused since post-conviction petition lay dormant for three an one-half years). Particularly because Petitioner's sentence will soon expire, he may therefore be able to establish that he should be permitted to bypass the state process. Respondent will accordingly be given the opportunity to

**STATEMENT**

explain the reasons for the delay or to otherwise argue why the exhaustion requirement should not be waived in this case.

    Respondent is ordered to answer the amended habeas petition or otherwise plead on or before February 1, 2008. Petitioners' reply is due on or before February 22, 2008.

    Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any filing to the Chief, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.