IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| LAMAR C. CHAPMAN III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 6484 |
| | ) | |
| ROGER E. WALKER JR.,[1] | ) | |
| Director, Illinois Department of Corrections, | ) | |
| Illinois Department of Corrections, and | ) | |
| LISA MADIGAN, Illinois Attorney General, | ) | The Honorable |
| | ) | Amy J. St. Eve, |
| Respondents. | ) | Judge Presiding. |

---

### RESPONDENT'S MOTION TO DISMISS
### PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS
### FOR FAILING TO EXHAUST AVAILABLE STATE COURT REMEDIES

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts[2] and this Court's January 2, 2008 order directing respondent

---

[1] Petitioner is on parole. Jesse Montgomery, Deputy Director of the Parole Division for the Illinois Department of Corrections, is therefore the "state officer having custody of the applicant" and should be named the respondent in this habeas action. Mr. Walker and Ms. Madigan should be dismissed as respondents. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d)(1); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996)); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005); *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n. 1 (7th Cir. 1990).

[2] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that a response to the petition may be by "motion, or other response." The Committee Notes explain that where a "dismissal may be called for on procedural grounds," a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning

to answer or otherwise plead, respondent JESSE MONTGOMERY moves this Court to dismiss petitioner's petition for a writ of habeas corpus for failure to exhaust available state court remedies.  In support, respondent states as follows:

1.      On November 15, 2006, following a jury trial in the Circuit Court of Cook County, petitioner Lamar Chapman III was convicted of possession of a stolen motor vehicle.  *See* Certified Statement of Conviction/Disposition at 4, *People v. Chapman*, No. 05 C4 4062701 (Exhibit A); Pet. at 1.

2.      Prior to sentencing in that case, petitioner filed a  § 2254 petition which this Court dismissed without prejudice on December 28, 2006 for failure to exhaust his state court remedies.  *See* Order, *Chapman v. Dart*, No. 06 C 7026 (Exhibit B).

3.      Petitioner was subsequently sentenced to a term of three years' imprisonment, and filed a notice of appeal on January 30, 2007.  *See* Exhibit A at 5. As of the filing of this Motion to Dismiss, petitioner's direct appeal is still pending, and petitioner is represented in that proceeding by the Office of the State Appellate Defender (OSAD).  *See* Order Denying Appellant's Motion for an Extension of Time to File Appellant's Record, *People v. Chapman*, No. 1-07-0304 (Exhibit C).  The most recent activity in petitioner's direct appeal was a December 20, 2007 order denying

---

remains in force following the 2004 amendments to Rule 4.  *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion").  *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.").

petitioner's motion for an extension of time in which to file Appellant's record. *See id.* The clerk's office has further informed respondent's counsel that petitioner has yet to file Appellant's record.

4.      In addition to pursuing his direct appeal, petitioner claims that prior to sentencing on December 14, 2006, he filed a pro se petition for postconviction relief in the Circuit Court of Cook County.  Petitioner claims the petition was denied, and that his appeal from this judgment remains pending. *See* Pet. at 3.  Respondent's counsel, however, has been unable to locate any record of this petition or pending appeal.  Neither the clerk of the Circuit Court of Cook County, nor OSAD has any record of petitioner filing a postconviction petition. *See* Exhibit A.  Nevertheless, regardless of whether that postconviction petition were filed and the appeal still pending, petitioner still has failed to exhaust his state court remedies.

5.      Petitioner was released on parole on April 3, 2007, and is projected to be discharged from parole on April 3, 2009. *See* Illinois Department of Corrections Inmate Status Sheet (Exhibit D).

6.      On November 15, 2007, petitioner filed a second § 2254 petition.  On November 20, 2007, this Court ordered petitioner to submit an amended habeas petition on the Court's required form, and to include a coherent history of his postconviction proceedings in state court.  Doc. 5.

7.     On December 19, 2007, petitioner filed his amended petition for writ of habeas corpus, raising the following claims:

    a.      he was denied his Sixth Amendment right to counsel when the court denied his request for a continuance pending retention of counsel;

    b.      he was arrested without probable cause;

    c.      his vehicle was searched without a warrant;

    d.      he was denied his federally protected right to a speedy trial;

    e.      his conviction violated double-jeopardy principles;

    f.      the judge allowed all blacks to be excluded from his jury and refused to allow petitioner to challenge the all-white jury, denying his right to a jury of his peers;

    g.      he was denied his right to present any witnesses;

    h.      following his conviction, the trial court revoked his cash bond without notice or a hearing;

    i.      the trial court denied his post-judgment motions without a hearing; and

    j.      his postconviction and appellate proceedings have been pending for 12 months and "the state tolling of the statute of limitations and in accordance with relevant Rules Governing Section 2254 cases, Petitioner has exhausted all available state remedies" [petitioner appears to argue that, due to the delay in his state postconviction and appellate proceedings, exhaustion should be excused].

8.     The record of petitioner's trial has not yet been prepared or filed in the Illinois Appellate Court, First District.  The following materials, pertinent to this Court's exhaustion determination, are being filed as exhibits with this Court, under separate cover:

Exhibit A:    Certified Statement of Conviction/Disposition, *People v. Chapman*, No. 05 C4 4062701;

Exhibit B:    Order, *Chapman v. Dart*, No. 06 C 7026;

Exhibit C:    Order Denying Appellant's Motion for an Extension of Time to File Appellant's Record, *People v. Chapman*, No. 1-07-0304; and

Exhibit D:    Illinois Department of Corrections Inmate Status Sheet.

9.    The instant petition for a writ of habeas corpus should be dismissed without prejudice because petitioner has failed to exhaust available state court remedies, as required by 28 U.S.C. § 2254(b).  Section 2254(b) provides as follows:

> (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

10.    Although an application for writ of habeas corpus may be denied on the merits notwithstanding the failure to exhaust state court remedies (*see* 28 U.S.C. § 2254(b)(2)), petitioner may obtain federal habeas relief only after he has exhausted all available state court remedies and fairly presented his federal constitutional claims to the state courts.  *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  Affording "the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process" is a necessary prerequisite to obtaining federal habeas review of petitioner's constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, petitioner must "give the state's highest court an opportunity to address each claim" of constitutional error. *Mahaffey v. Schomig*, 294 F.3d 907, 914 (7th Cir. 2002). The exhaustion requirement serves federal-state comity interests by ensuring that state courts have the first opportunity to address and correct perceived violations of petitioner's federal constitutional rights. *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971), and *Boerckel*, 526 U.S. at 844-45).

11.     In this case, petitioner has failed to invoke one complete round of Illinois's established appellate review process. As stated above, petitioner's direct appeal is still pending. *See* ¶ 3; Pet. at 2.

12.     Because petitioner's direct appeal is still pending in the state appellate court, it follows that neither that court nor the Illinois Supreme Court has had "an opportunity to act on his claims before [petitioner] present[ed] those claims to a federal court in [the instant] habeas petition." *Boerckel*, 526 U.S. at 842. Therefore, petitioner has failed to exhaust his state court remedies, and his petition should be dismissed. 28 U.S.C. § 2254(b)(1)(A).

13.     Exhaustion of state remedies is not required where: (1) "there is an absence of available state corrective process;" or (2) where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C.

§ 2254(b)(1)(B)(i), (ii); *see also Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995).

One circumstance that can render state corrective processes ineffective is

"[i]nordinate, unjustifiable delay" in the state court proceedings. *Jackson v.*

*Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997).

14.    Petitioner should not be allowed to bypass the exhaustion requirement

and proceed with his unexhausted claims in federal court because the one year

delay is not long enough to be considered "inordinate." Petitioner filed his notice of

appeal on January 30, 2007, and OSAD was notified of its appointment on February

22, 2007. The cause of the delay in petitioner's direct appeal appears to be a delay

in the preparation of the transcript of petitioner's trial. OSAD ordered the report of

petitioner's proceedings on March 7, 2007, and the common law record was received

on March 30, 2007. Appellant's record was due to be filed in the state appellate

court on November 23, 2007, but OSAD was unable to file appellant's record by that

date because it had not yet been prepared. As of this filing, appellant's record has

not yet been filed, and petitioner's direct appeal has remained pending to the

present day, which constitutes a delay of approximately one year. *See Verdin v.*

*O'Leary*, 972 F.2d 1467, 1483 (7th Cir. 1992) ("exhaustion of state remedies is

determined at the time that the petition for habeas corpus is filed").

15.    Although there is no bright line as to how much time constitutes

"inordinate" delay, the Seventh Circuit has found that delays of periods much

longer than one year to be inordinate and shorter periods of delay have not been

found to make the state process ineffective. *See, e.g.*, *Lowe v. Duckworth*, 663 F.2d

42, 43 (7th Cir. 1981) (three-and-one-half year delay inordinate); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17-month delay in filing appellate brief in direct appeal warranted remand to district court for hearing to determine whether delay justifiable); *Bell v. Robert*, 402 F.Supp.2d 938, 948 (N.D. Ill. 2005) (citing cases) (delay of eleven-and-one-half months not inordinate).  Having instituted a direct appeal, petitioner should permit Illinois's appellate review process the time necessary to adjudicate his claim before pursuing federal habeas relief; a one-year delay does not render the state appellate process ineffective.  *Bell*, 402 F.Supp.2d at 946-48 (eleven-month delay in processing trial transcripts to adjudicate direct appeal not inordinate where transcripts requested in reasonably timely fashion and delay the product of normal pace of appellate litigation).  The Seventh Circuit has noted that the "normal direct appellate procedure extends ordinarily over a substantial period of time." *Wilson v. Rowe*, 454 F.2d 585, 589 (7th Cir. 1971) (discussing Illinois appellate process for criminal cases).  Petitioner has not shown that a one-year time period to process a direct appeal is inordinate, and this Court should therefore dismiss the instant petition without prejudice for failure to exhaust available state court remedies.

16.     Petitioner's status as a parolee and the potential discharge of his sentence on April 3, 2009 does not preclude this Court from dismissing petitioner's petition at this time.  The fact that petitioner may be unable to seek federal review of his conviction (because he may completely discharge his sentence before he is able to execute his state court remedies) does not demonstrate that those available

8

state court remedies would be "ineffective to perfect [his] rights." § 2254(b)(1)(B)(ii).

Taking that arguments to its logical conclusion, allowing petitioner to bypass the

exhaustion requirement would result in allowing virtually all state prisoners

challenging short sentences (or long sentences nearing completion) to bring their

claims directly to federal court without first exhausting available state court

remedies, severely undermining the federalism and comity concerns at the heart of

the exhaustion requirement. *See Perruquet*, 390 F.3d at 513 ("Exhaustion serves an

interest in federal-state comity by giving state courts the first opportunity to

address and correct potential violations of a prisoner's federal rights.").

17.     Nor should this Court stay the proceedings.  District courts have

discretion to stay a "mixed" habeas petition. *Rhines v. Weber*, 544 U.S. 269, 276

(2005).  Petitioner's § 2254 petition is not "mixed;" it contains only unexhausted

claims.

18.     Notably, petitioner has not requested that his matter be stayed.  But

even assuming petitioner desired a stay, he does not satisfy *Rhines*.  When

determining the propriety of staying a habeas petition pending a petitioner's return

to state court to exhaust his claims, the Seventh Circuit has considered, as a factor

strongly militating in favor of granting a stay, whether "the dismissal would

effectively end any chance at federal habeas review," *Dolis v. Chambers*, 454 F.3d

721, 725 (7th Cir. 2006) (citing cases), due to AEDPA's one-year statute of

limitations on habeas corpus petitions.  28 U.S.C. § 2244(d)(1).  The pendency of a

federal habeas petition does not toll the one-year limitations period, *Duncan v.*

*Walker*, 533 U.S. 167, 172 (2001), and respondent intends to assert all available defenses to any petition filed by petitioner upon conclusion of his state court proceedings, including the defense of time-bar under § 2244(d)(1). Yet, dismissal of the instant petition without prejudice would not work an injustice, because petitioner's judgment is not yet final and AEDPA's limitations period has not yet started to run. *See* § 2244(d)(1)(A). Accordingly, dismissal of the instant petition would not render untimely federal habeas review of petitioner's constitutional claims when his conviction becomes final. Therefore, petitioner cannot demonstrate good cause for obtaining a stay, and this Court should dismiss the habeas petition without prejudice for failure to exhaust state court remedies. *See Bailey v. Ryker*, 2007 WL 2410117, *2 (N.D. Ill. 2007) (where petitioner raised only one unexhausted claim, and dismissal without prejudice would not jeopardize timeliness of a collateral attack, petition could not be stayed pending exhaustion of state court remedies and was dismissed without prejudice).

## CONCLUSION

This Court should dismiss the instant petition for writ of habeas corpus without prejudice.  Should the Court deny this motion without granting a stay of the proceedings, respondent respectfully thirty days from the entry of the Court's order to address the merits and/or any procedural defaults of petitioner's claims in a subsequent submission.

January 30, 2008                              Respectfully submitted,

                                              LISA MADIGAN
                                              Attorney General of Illinois

                              By:    /s/ Sheri L. Wong
                                     SHERI L. WONG, BAR #6291090
                                     Assistant Attorney General
                                     100 W. Randolph St., 12th Floor
                                     Chicago, IL 60601-3218
                                     TELEPHONE: (312) 814-3692
                                     FAX: (312) 814-2253
                                     EMAIL: swong@atg.state.il.us

11

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2008, I electronically filed respondent's

**Motion to Dismiss Petitioner's Petitioner For a Writ of Habeas Corpus For**

**Failing to Exhaust Available State Court Remedies** with the Clerk of the

United States District Court for the Northern District of Illinois, Eastern Division,

using the CM/ECF system, and that on the same date, I mailed by United States

Postal Service the same to the following non-registered party:

Lamar C. Chapman III
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
P.O. Box 5232
Oak Brook, IL 60523-5232

LISA MADIGAN
Attorney General of Illinois

By:  /s/ Sheri L. Wong
SHERI L. WONG, BAR #6291090
Assistant Attorney General
100 W. Randolph St., 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIL: swong@atg.state.il.us
