# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6484 | **DATE** | 2/22/2008 |
| **CASE TITLE** | Chapman vs. Walker | | |

**DOCKET ENTRY TEXT**

Because Petitioner has not exhausted his state court remedies, the motion to dismiss Chapman's habeas petition [10] is granted, and the petition is dismissed without prejudice. Civil Case Terminated.

■[ For further details see text below.]                                                                 Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Respondent's Motion to Dismiss Lamar Chapman's Habeas Corpus Petition under 28 U.S.C. § 2254(d) based on *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Under the Supreme Court's ruling in *Rhines*, if a habeas petition is mixed, that is, if it contains both exhausted and unexhausted claims, a federal district court may stay the habeas petition and hold it in abeyance until the unexhausted claims have been exhausted. *Id.* at 277. The *Rhines* Court cautioned, however, that

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* The underlying premise in *Rhines* is that due to AEDPA's one-year statute of limitations and the exhaustion requirement for habeas petitions, when petitioners have both unexhausted and exhausted claims in a federal habeas petition, petitioners "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

Here, Chapman's habeas petition before the Court is not a mixed petition. Instead, all of his habeas claims are unexhausted. Specifically, a jury convicted Chapman of possession of a stolen motor vehicle on November 15, 2006. After the Circuit Court of Cook County sentenced Chapman, he filed a notice of appeal on January 30, 2007. To date, Chapman's appeal is still pending. Chapman also contends that he filed a pro se petition for post-conviction relief in the Circuit Court of Cook County and that the appeal of his post-

**STATEMENT**

conviction petition is still pending. Because his appeals are still pending and he has not filed any petitions for leave to appeal to the Illinois Supreme Court, Chapman has failed to exhaust his claims. *See Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005) ("petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge."); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Because Chapman's habeas petition is not a mixed petition, any timeliness issues discussed in *Rhines* are not implicated. *See Rhines,* 544 U.S. at 275; *Arrieta v. Battaglia,* 461 F.3d 861, 866 (7th Cir. 2006). Meanwhile, the Illinois Appellate Court's delay of approximately one year in ruling on his appeals is not "inordinate, unjustifiable delay." *See Jackson v. Duckworth,* 112 F.3d 878, 881 (7th Cir. 1997). Accordingly, the Court dismisses Chapman's habeas petition without prejudice in accordance with *Rhines. Id.* at 277-78; *see also Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) ("habeas petition should have been dismissed if state remedies had not been exhausted").