*M HW*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

*J.N* **FILED**

FEB 2 1 2008
2-21-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*,<br>LAMAR C. CHAPMAN III,<br><br>        *Petitioner,*<br><br>    -vs-<br><br>ROGER E. WALKER, JR.,<br>  Director, Illinois Department of<br>Corrections, Illinois Department of<br>Corrections; and LISA MADIGAN,<br>Illinois Attorney General,<br>        *Respondents.* | **CASE NUMBER: 07 C 6484**<br><br>Honorable Amy J. St. Eve,<br>*Judge Presiding*<br><br>**Writ for Habeas Corpus Relief<br>28 U.S.C., Section 2254** |

## NOTICE OF FILING

Michael W. Dobbins, Clerk
United States District Court
C/O Clerk - Prisoner Correspondence
Dirksen Federal Building
Room 20 NE
219 South Dearborn Street
Chicago, IL 60604

Sheri Wong, *Esq.*, Bar Number 6291090
Assistant Attorney General
LISA MADIGAN, *Esq.*
Office of the Illinois Attorney General
Thompson State of Illinois Building
100 West Randolph Street, 12th Floor
Chicago, IL 60601

    *PLEASE TAKE NOTICE*, that on Thursday, February 21, 2008, the undersigned filed with the Clerk of the Court **PETITIONER'S VERIFIED RESPONSE AND ANSWER TO RESPONDENTS' MOTION TO DISMISS**, *as served upon you herewith.*

## CERTIFICATE OF SERVICE

    LAMAR C. CHAPMAN III, *Solo Fides*, Non-Attorney, Non-Lawyer, Petitioner, *Pro Se*, being first duly sworn under oath and in consideration of the penalties or perjury states that he served the Clerk of the Court, care of Prisoner Correspondence or his designated representative a copy of this Notice and all relevant attachments by personal service and each attorney of Record by first class U.S. Mail, addressed as indicated, with proper postage prepaid and mailed from the Oak Brook, Illinois Postal Facility located in Oak Brook, Illinois on Thursday, February 21, 2008, before the hour of 5:00 PM.

                                         LAMAR C. CHAPMAN III, Petitioner, *Pro Se*

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED
J.N
FEB 21 2008
2-21-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ]<br>LAMAR C. CHAPMAN III, ]<br> ]<br>     *Petitioner*, ]<br> ]<br>  -*vs*- ]<br> ]<br>ROGER E. WALKER, JR., ]<br> Director, Illinois Department of ]<br>Corrections, Illinois Department of ]<br>Corrections; and LISA MADIGAN, ]<br>Illinois Attorney General, ]<br> ]<br>     *Respondents*. ]<br> ] | **CASE NUMBER: 07 C 6484**<br><br>Honorable Amy J. St. Eve,<br>*Judge Presiding*<br><br>**Writ for Habeas Corpus Relief<br>28 U.S.C., Section 2254** |

---

## PETITIONER'S VERIFIED RESPONSE AND ANSWER
## TO RESPONDENTS' MOTION TO DISMISS

*NOW COMES PETITIONER*, Lamar C. Chapman III, Non-Attorney, Non-

Lawyer, *Pro Se*, and for his Verified Response and Answer to Respondents' Motion to

Dismiss, states as follows:

### INTRODUCTION

Petitioner, Lamar C. Chapman III is entitled to habeas relief in this Court for two

reasons. First, the State presented false evidence – including a false arrest warrant and

police report, and testimony that it knew was false and that most definitely could have

affected the jury's decision to convict the Petitioner. As such, Petitioner's Fourteenth

Amendment right to a trial, free from the State's intentional use of false evidence was

violated. See, Brady v. Maryland, 373 U.S. 83 (1963). Secondly, contrary to clearly

established Supreme Court precedent, the State court "weaponized" itself and

intentionally applied well-settled provisions of the United States Constitution in a way

1

that contradicts the governing law set forth in Supreme Court cases. See, Williams, 529 U.S. at 405-06. Accordingly, the court must issue a writ of habeas corpus if it finds that the state court decision is both incorrect and objectively unreasonable under governing Supreme Court precedent. Id. at 411; see also, Dixon v. Snyder, 266 F. 3d 693, 700 (7th Cir. 2001).

Respondents' have made a motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court and this Court's January 2, 2008, order directing Respondents to answer or otherwise plead. Without leave of this Honorable Court, Respondents Roger E. Walker, Jr., and Lisa Madigan have elected to substitute Jesse Montgomery as their Respondent and it is Mr. Montgomery, without standing who has filed the *instant* Motion to Dismiss. *See Page 2, of the Respondent's Motion to Dismiss.* Since Mr. Montgomery is not properly before this Honorable Court, this Court respectfully must strike Mr. Montgomery's Motion to Dismiss.

The Non-Attorney, Non-Lawyer, *Pro Se*, Petitioner verily believes that this Honorable Court may have the moral option or obligated to apply civil standards of review in accordance with the Federal Rules of Civil Procedure, specifically Rule 12(b)(6); see also, Schlanger v.Seamans, 401 U.S. 487, 490 n.4 (1971). If so, then this court respectfully must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the Plaintiff's or Petitioner's favor. See, Albright v. Oliver, 510 U.S. 266, 268 (1994); McCullah v. Gadert, 344 F. 3d 655, 657 (7th Cir. 2003). Also, dismissal at this early stage of the litigation is appropriate only where it appears "beyond doubt" that the plaintiff [petitioner] can prove "no set of facts" that would entitle him to relief. See, Conley v. Gibson, 355 U.S. 41, 45 (1957).

## SUMMARY OF STATE COURT ACTION

On June 7, 2005, at approximately 11:00 a.m., the Petitioner dressed in business attire, suit and tie, parked his company owned (Petitioner owns the twenty-eight year old business advisement and holding firm) vehicle a 1999 Mercedes, E-Class, and went into the grocery store to purchase flowers, balloons, cakes and novelty items for his four (4) year old granddaughter who was having a surprise birthday party at the neighboring Village of Melrose Park, Illinois Santa Village Amusement Park. While in the store shopping, two (2) Village of Franklin Park Police Officers for no reason other than the race of the Petitioner were running the license plates of the African American, Petitioner's legally parked vehicle.

When the Petitioner exited the grocery store, Patrolman Justin Camp and Patrolman Jason Ignus of the Franklin Park Police Department standing along side of the Petitioner's parked vehicle with guns drawn announced that they had a warrant for Petitioner's arrest. Petitioner asked to see the warrant, but was never shown any warrant.

Petitioner was immediately taken into custody. His company owned vehicle was towed to Carmine Towing Yard a contractor for the Village of Franklin Park, Illinois. While in the custody of the Franklin Park Police Department, Officer Four (sic), Star Number 21 of the Franklin Park Police Department confirmed with the Livescan Chicago and Livescan State Police that there was "NOT A WARRANT" for Petitioner's arrest and filed the attached Livescan Correction Form. See, **Exhibit, A,** attached hereto and made a part hereof.

The fundamental edicts of justice would have required the Franklin Park Police Department to release the Petitioner and offer its sincere apology and maybe none of this would have ever happened. Instead, Officers Ignus, Camp and Konwinski of the Franklin Park Police Department searched the Petitioner's vehicle without any warrant or without

3

the Petitioner's authorization. *See, pending civil rights litigation captioned as*: <u>Lamar C.</u>
<u>Chapman III</u> *vs.* <u>The Village of Franklin Park; The Franklin Park Police Department;</u>
<u>Jason Ignus; Justin Camp, and Michael Konwinski, *et al.*</u>, Case Number 07-cv-5411,
Honorable Samuel Der Yeghiayan, Judge Presiding, by reference made a part hereof.

Petitioner was informed during his unconstitutional custody or detention and
interrogation that the Mercedes-Benz E-Class was not a 1999, and was actually a 1997,
vehicle stolen on October 1, 2001, from Motor Werks Mercedes-Benz of Barrington,
Illinois. Although in the glove compartment of said vehicle, there were documents in the
form of a bill of sale; tax statement; warranty statement; odometer statement; service
records; delivery statement; and owner's manual prepared by Motors Werks of
Barrington and dated October 1, 2001, for the benefit of the Petitioner and his company,
the Franklin Park Police Report indicated that Mr. Timothy Martin of Motor Werks of
Barrington indicated to the Franklin Park Police that "they had no record of Lamar C.
Chapman [Petitioner] or his company doing business with Motor Werks of Barrington."
See, **Exhibit, Group B**, *attached hereto and made a part hereof.*

The intentionally false statements by Mr. Timothy Martin and Motor Werks of
Barrington and its fraudulently selling the Petitioner a 1999 vehicle and delivering a 1997
vehicle to Petitioner is knowingly contrary to **Exhibit, Group B** and contrary to the fact
that Mr. Martin and Motors Werks of Barrington knew or should have known that the
Petitioner and his company hold a "collector status" and a "fleet pricing plan" with
Mercedes-Benz Corporation and have or have had more than eleven (11) company owned
Mercedes-Benz vehicles during the period prior to, during and after Petitioner's
unconstitutional arrest, detention, conviction and imprisonment. See, <u>United States *v.*</u>
<u>Agurs</u>, 427 U.S. 97, 103-4, n.7-9.

Accordingly, the Fourteenth Amendment guarantees a criminal defendant that a state court conviction against him based on false evidence will not stand. See, e.g., Miller v. Pate, 386 U.S. 1, 7 (1967)

The Petitioner was held in the Franklin Park Police Station overnight and the next morning on June 8, 2005, Petitioner was transported to the Circuit Court of Cook County, Fourth Municipal District, where he learned for the first time that he was being charged with two (2) criminal counts - the possession of a stolen motor vehicle and criminal trespass to a motor vehicle.

On June 8, 2005, Honorable Carol A. Kipperman, Associate Judge presiding, dismissed all charges against the Petitioner on the State's oral motion for *nollee* prosecution. *See* **Exhibit C**, *attached hereto and made a part hereof as the Illinois State Police Record Disposition Statement.*

In open court, Petitioner advised the State court that certain federal employees (two were present in her courtroom that morning) in the Dirksen Federal building had threatened the Petitioner's life in retaliation for Petitioner filing a complaint against the same with the United States Justice Department's Office of the Inspector General located in Washington, DC and asked the court to detain the Petitioner for his personal safety. *See, June 8, 2005, Report of Proceedings Honorable Carol A. Kipperman, Associate Judge Presiding;* see also, currently pending case, Lamar C. Chapman III vs. The United States Marshal for the Northern District of Illinois, *et al.*, (residential burglary, grand theft and civil rights case) Case Number 07-cv-2174 (originally dismissed, then re-instated by order of the Executive Committee) and 07-cv-06531, Honorable Ruben Castillo, Judge Presiding.

Judge Kipperman, asked her State's attorney assigned to her courtroom to verify the Petitioner's criminal record. Ms. Maureen O'Brien, Supervising Assistant Cook

5

County State's Attorney of the State's Attorney's Office informed the court that the Petitioner had no criminal record. The Report of Proceedings indicates that Judge Kipperman agreed to accommodate the Petitioner's unusual and life saving request for detention and stated from the bench: *"It a shame that people still do things like this!"*

Petitioner was held in the most violent division (no bond division) of the Cook County Department of Corrections, county jail for more than ten (10 ½) and one half months before his release. Although the Petitioner has been a vegetarian for more than forty-two (42) years, Petitioner was intentionally underfed and circumstantially forced to consume meat; denied counsel; denied his daily heart medication; intentionally exposed to tuberculoses; and contacted three (3) skin fungi and diseases.

On November 13, 2006, Petitioner was forced to appear for trial for the *nollee* prosecuted charges of possession of a stolen motor vehicle and criminal trespass to a motor vehicle before State court judge Lawrence W. Terrell.

Petitioner was denied a right to counsel. Petitioner was denied access to evidence or witnesses. Petitioner was denied his remaining opportunity to challenge jury participation. Petitioner was intentionally denied the basic tenants of due process. On January 15, 2006, Petitioner was sentenced to three (3) years in the Illinois Department of Corrections and three (3) years probation. Coincidentally, the time Petitioner spent in the county jail was equivalent to the three (3) year sentence unconstitutionally handed down by state court judge Lawrence W. Terrell.

On December 28, 2006, the Petitioner petitioned this Court for habeas corpus relief. See, Chapman v. Dart, Case Number 06-cv-7026, Honorable Amy J. St. Eve, Judge Presiding. This Petition for Writ of Habeas Corpus was dismissed without prejudice because the Petitioner failed to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

On November 15, 2007, one year after the Petitioner's unconstitutional conviction, the *instant* Petition for Writ of Habeas Corpus was duly filed. And following the direction of this Honorable Court, the unrepresented Petitioner, filed his amended petition on December 19, 2007.

On January 30, 2008, the Respondents filed with the Clerk of the Court their Motion to Dismiss.

## I. THE PETITIONER IS ABLE TO CHALLENGE HIS CONVICTION IN A SECTION 2254 CASE WITHOUT EXHAUSTING STATE COURT REMEDIES IF RELIEF IS NOT AVAILABLE TO HIM OR IF THERE IS AN UNEXCUABLE DELAY.

Petitioner's innocence and his calculated mistreatment under the law make granting equitable relief in this matter without further delay duly warranted under strict provisions of the United States Constitution. This Honorable Court respectfully must determine that a freestanding "actual innocence" exception must be read into the statute.

It is crystal clear that the Non-Attorney, Non-Lawyer, *Pro Se*, Petitioner has done nothing at all to warrant being found in a State criminal proceeding. The record supports Petitioner's innocence because the Petitioner is in fact innocent. Petitioner's clear innocence is the number one reason that the Non-Attorney, Non-Lawyer, *Pro Se* Petitioner should not be required to wait any longer for equitable relief or to be continued to be violated by having to exhaust state court remedies when the state court is intentionally victimizing the "politically unpopular" African American, civil rights minded and righteously outspoken Petitioner.

The federal habeas corpus statute could not be any clearer. Habeas corpus, 28 U.S.C., Sections 2254 states:

> "(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on grounds that he is in custody in violation of the Constitution or laws or treaties of the United States."

7

In fact, pursuant to the federal habeas corpus statute, 28 U.S.C., Section 2254,

explicitly and historically designed to provide the means for a state prisoner to attack the

validity of his confinement, must be understood to be the exclusive remedy available in a

situation like this where it so clearly applies. See, <u>Preiser v. Rodriguez</u>, 411 U.S. 475

(1973) at 489.

As directed by this Honorable Court Petitioner filed an amended Petition for Writ for

Habeas Corpus, raising the following claims:

a.  Petitioner was denied his Sixth Amendment right to counsel when the court
    denied repeated request for continuance pending retention of counsel;

b.  Petitioner was arrested on a purported warrant when there was never any warrant
    or probable cause for Petitioner's arrest. The Village of Franklin Park Police
    Department and Officers Justin Camp, Michael Konwinski and Jason Ignus were
    actively engaging in racial profiling. See, <u>Chapman v. The Village of Franklin</u>
    Park, Case Number 07-cv-5411, Honorable Samuel Der Yeghiayan, Judge
    Presiding – pending civil rights litigation, under 42 U.S.C., Section 1983;

c.  Petitioner's vehicle was searched and seized without warrant in violation of the
    Fourth Amendment right of the United States Constitution;

d.  Petitioner was arrested on June 8, 2005, and had a three (3) day trial beginning
    on November 13, 2006. Petitioner was incarcerated without a bond and denied his
    federally protected right to a speedy trial;

e.  Petitioner's conviction violated double-jeopardy principles;

f.  The State court judge excluded all blacks from the Petitioner's jury and refused to
    allow Petitioner to use his remaining challenges to challenge the all-white jury,
    denying the Petitioner's absolute right to a jury of his peers;

g.  Petitioner was denied his right to present any witnesses at his State trial in
    violation of the Fourteenth Amendment of the United States Constitution;

h.  Petitioner was denied his right to present any evidence at his State trial in
    violation of the Fourteenth Amendment of the United States Constitution;

i.  The State court revoked Petitioner's cash bond without any notice or any hearing
    or any probable cause in violation of the Fourteenth Amendment of the United
    States Constitution;

j.  The State court summarily denied Petitioner's post-judgment motion without any
    hearing whatsoever in violation of the Fourteenth Amendment of the United
    States Constitution;

k.  Petitioner's post-conviction and appellate proceedings have been pending for
    more than 12 months and the Petitioner's three (3) year sentence has been fully
    served and Petitioner has less than eleven (11) months remaining on his three (3)
    year parole remaining; and

l.  Petitioner's conviction was unconstitutional and came at the expense of
    Petitioner's absolute federally protected rights.

Although the federal habeas scheme leaves primary responsibility with the state

courts for the foregoing stated judgments, federal-court intervention is authorized only

when a state-court decision is objectively unreasonable. It is apparent from the foregoing

that circumstances exist that render such process ineffective to protect the rights of the

Petitioner and that this Honorable Court is obligated to intervene to prevent a

fundamental miscarriage of justice. See, Dixon v. Snyder, 266 F. 3d 693, 700 (7th Cir.

2001).

The Non-Attorney, Non-Lawyer, *Pro Se*, Petitioner has made a *prima facie* case for

equitable relief. Anyone of the foregoing articulated constitutional violations would

warrant this Honorable Court to grant the required equitable relief intended by the federal

habeas corpus statute. Considering the obvious constitutional violations deliberately

effectuated against the *Pro Se*, Petitioner, "circumstances exist that render such process

ineffective to protect the rights of the applicant [Petitioner]." Quoting: Sceifer v. Trigg,

46 F. 3d 701, 703 (7th Cir. 1995); see also, 28 U.S.C., Section 2254(b) (1) (B)(i).

Furthermore, it is patently clear that an "inordinate, unjustifiable delay" has

occurred in the state court proceeding. The reason for the delay was not caused by the

*Pro Se*, Petitioner and there can be no good reason for almost a three (3) year delay on

what amounts to a three (3) year sentence. See, Jackson v. Duckworth, 112 F. 3d 878,

881 (7th Cir. 1997).

## II.   THE STATE HAS HAD MORE THAN ONE FULL OPPORTUNITY
##       TO RESOLVE ANY CONSTITUTIONAL ISSUES

This Honorable Court respectfully must take into consideration the Seventh

Circuits holding in Dozie v. Cady, 430 F. 2d 637 (7th Cir. 1970) (on direct appeal from

conviction, attorney's failure to file appellate brief after seventeen (17) months

constituted inordinate delay). The petition before this Honorable Court is right on point

with Dozie. Petitioner's post-conviction judgment was summarily denied without any

hearing whatsoever on December 6, 2007. On January 15, 2008, the Petitioner was

transported to the Vienna Correctional Center located in Vienna, Illinois after spending

more than ten and one half (10 ½) months in the Cook County, Department of

Corrections, Division One, most violent and no bond division of the county jail. Since

there is no bright line rule to determine inordinate delay, it is clear that ten and one half

(10 ½) months incarcerated delay in the county jail; four month (4) imprisonment delay

in the Vienna Correctional Center in Vienna, Illinois; and more than twelve (12) month

waiting for appeal record and brief to be filed delay should be respectfully considered an

extremely inordinate delay on such a short three (3) year criminal term and sentence. See

Lowe v. Duckworth, 663 F. 2d 42 (7th Cir. 1981); see also, Jenkins v. Gramley, 8 F. 3d

505, 508 (7th Cir. 1993).

### III.   THE STATE RELIED ALMOST ENTIRELY ON DEGRADING THE PETITIONER'S CONSTITUTIONAL RIGHTS TO OBTAIN A CRIMINAL CONVICTION IN WHAT AMOUNTS TO AT BEST A CIVIL MATTER.

The United States Supreme Court has long recognized that the knowingly use by the

State of false evidence, including false testimony, violates a criminal defendant's right to

due process. See, Mooney v. Holohan, 294 U.S. 103 (1935). The presentation of such

evidence involves "a deliberate deception of court and jury" that is inconsistent with "the

rudimentary demands of justice." Id. at 112. The principle that the State may not

knowingly use false evidence to obtain a conviction is therefore "implicit in any concept

of ordered liberty." See, Napue v. Illinois, 360 U.S. 264, 269 (1959). To allow the State

to do otherwise would be "fundamentally unfair" and would result in "a corruption of the truth-seeking function of the trial process." See, <u>United States *v.* Agurs</u>, 427 U.S. 97, 103-4, n.7-9 (1976)

Considering the unusual history of the circumstances of this Petition, it would be hard for any reasonably minded person to find that the truth-seeking process has not been corrupted. It would be even more difficult for anyone to say with any degree of certainty that the miscarriage of justice summarized herein was not "fundamentally unfair." Moreover, it is constitutionally disheartening to learn that the Attorney General of the State of Illinois would want this Honorable Court to simply rectify the state court's blatant constitutional violations set forth herein and the "weaponization" of the state court by granting the Respondent's Motion to Dismiss.

There has never been a better time or more compelling reason for this Honorable Court to consciously and summarily do what is required by constitutional law and the unfortunate circumstances surrounding our inherent "rudimentary demands of justice." See, <u>Mooney *v.* Holohan</u>, 294 U.S. 103 (1935). In addition, a federal court may issue a writ of habeas corpus when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C., Section 2254(d)(2).

## CONCLUSION

Indeed, the federal court has performed its statutory task in defining the scope of the writ through a sensitive weighing of the interests implicated by federal habeas corpus jurisdiction of constitutional claims determined adversely to the prisoner by the state courts. See, <u>Kuhlmann *v.* Wilson</u>, 477 U.S. 436, 447-448 (1986). Therefore, there is no just cause for the State to delay the unrepresented, *Pro Se*, Petitioner any further. It is quite clear that the State argues under the misapprehension that this Petitioner and other

11

prisoners who, rightly or wrongly, believe themselves entitled to habeas corpus relief would favor delay. As the United States Supreme Court has noted, a "prisoner's principal interest, of course, is in obtaining speedy federal relief on its claims." Quoting: Rose v. Lundy, 455 U.S. 509, 518-20 at 20; and Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004). Accordingly, justice delayed is justice denied and there is no equitable benefit to anyone to require the unrepresented Petitioner to have to wait until this entire procedure is deemed moot. Moreover, the constitutional deprivation and errors in the state court has been voluminous, and too coincidental to be deemed accidental and harmless.

*WHEREFORE*, Lamar C. Chapman III, Non-Attorney, Non-Lawyer, Petitioner, *Pro Se*, respectfully prays that this Honorable Court will deny Respondents' Motion to Dismiss and summarily grant the relief prayed for in Petitioner's Petition for Writ of Habeas Corpus. GOD BLESS THIS COURT – GOD SAVE AMERICA.


STATE OF ILLINOIS    )
                        ) *SS*
COUNTY OF **DU PAGE**   )

## **VERIFICATION**

LAMAR C. CHAPMAN III, Non-Attorney, Non-Lawyer, Petitioner, *Pro Se*, being first duly sworn under oath states that he has prepared the foregoing Verified Answer and Response to Respondents' Motion to Dismiss and knows the contents thereof and the same is true and correct, with the exception of allegations based on information and belief and as to such allegations the Petitioner verily believes that the same to be true and correct; any and all exhibits attached to this Verified Answer and Response represents a true and correct copy of its original; this Verified Answer and Response is made pursuant to provisions of the law and is not interposed for bad faith or in violation of any Federal Rules of Civil Procedure. FURTHER AFFIANT SAYETH NAUGHT.

12

*Very Respectfully Submitted,*

LAMAR C. CHAPMAN III, Petitioner, *Pro Se*

**SUBSCRIBED AND SWORN TO BEFORE
ME THIS 20TH DAY OF FEBRAURY, 2008.**

**Signature of Notary Public**

**(S E A L *of* N O T A R Y)**

"OFFICIAL SEAL"
ROY F. MATTHEWS
Notary Public State of Illinois
My Commission Expires 02 10 10

**Dated:  February 20, 2008**

Non-Attorney, Non-Lawyer
Petitioner, *Pro Se*
LAMAR C. CHAPMAN III, *Solo Fides*
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, IL 60523-5232
Telephone (630) 881-1936
Email: lasallecompanies@aol.com

File Date:     2 - 21 - 2 0 0 8

Case No:     07 c v 6 4 8 4

ATTACHMENT # _____

EXHIBIT     petitioner's ex. A

TAB (DESCRIPTION)

_____



**Daniel B. Pritchett**
President

**Randall Petersen**
Chief of Police

# FRANKLIN PARK POLICE DEPARTMENT
9545 West Belmont Avenue
Franklin Park, Illinois 60131
(847) 671-8200

## Livescan correction form

**Attach copy of the arrest report to this form**
Fill out proper correction and fax to offices below

Livescan Chicago (CHRISC)
Attn: Joe Perfette – Fax 312 745 6921

Livescan State Police (BFI)
Attn: Administrator Fax 815 740 5170

DCN# _016205654_     TCN# _LS1000701620565Y_

Arrestees name as it appears on Livescan arrest report: _CHAPMAN, LAMAR C._

Descriptions of what needs to be changed:
_REMOVE OUT OF STATE WARRANT FROM COUNT ONE — LEAVE_
_AS CLASS A.    NOT A WARRANT_

To be corrected from:
(a) _720 ILCS 5.0/21-2    WARRANT # 04CR307-1_

(b) _____

(c) _____

To be corrected to:
(a) _720 ILCS 5.0/21-2_

(b) _____

(c) _____

Respectfully,

_(signature)_ 8/21
Police Officer

Chief of Police
Franklin Park Police Department



**FRANKLIN PARK POLICE DEPARTMENT**
9545 West Belmont Avenue
Franklin Park, Illinois 60131
(847) 671-8200

# HOLD
## SUBJECT WANTED ON WARRANT

NAME: _Lamar Chapman_

SEX: _M_     RACE: _B_     D.O.B. _07-08-1953_

WANTED BY:     ☐   **FRANKLIN PARK P.D.**

       ☐   **CCSPD**

       ☒   **OTHER:** _U.S. District Court_
            _Northern District of Illinois_

**WARRANT FOR:** _Failure to Surrender for Sentencing_

**WARRANT NUMBER:** _04 Cr 307-1_

**AMOUNT OF BOND:** _NONE_     ☒ **NO BOND**

**ISSUED BY:** _Yvette Pearson_ **D.O.W.** _2-15-05_ **DISTRICT:** _Federal Warrant_

# HOLD
## SUBJECT WANTED ON WARRANT

File Date:  2-21-2008

Case No:  07cv6484

ATTACHMENT # _____

EXHIBIT  _petitioner's Group B_

## TAB (DESCRIPTION)

_____

**FRANKLIN PARK POLICE DEPARTMENT**                    **SUPPLEMENT REPORT**

| COMPLAINANT, DRIVER, VICTIM, OR ARRESTEE | DOCKET NO | COMPLAINT NO |
|---|---|---|
| Chapman, Lamar C III | 06-8382 | 06-8382 |

| ☐ FORM USED AS CONTINUATION SHEET FOR CURRENT REPORT | ☐ FORM USED TO REPORT FOLLOWUP INVESTIGATION OR SUPPLEMENTAL INFORMATION | |
|---|---|---|
| PAGE NO.  TRAFFIC CITATION NOS.  N/A | CORRECT OFFENSE OR INCIDENT CLASSIFICATION  Added charge of PSMV | CHANGED? ☐ YES |
| TYPE OF REPORT CONTINUED  ☐ OFFENSE  ☐ TRAFFIC ACCIDENT  ☐ ARREST  ☐ INVENTORY SEARCH | MULTIPLE CLEAR-UP?  ☐ YES (LIST OTHER COMPLAINT NOS. IN NARRATIVE) | ☐ NO |
| OFFENSE, CHARGE OR INCIDENT ON ORIGINAL REPORT  Violation of Bail Bond (Forgery Warrant) | APPROX. VALUE OF PROPERTY RECOVERED | |

060705 21:15 this r/o spoke to the defendant on this case in the presence of Officer Camp #117 and Officer Ignas #111 (the original arresting officers). This r/o showed the defendant a series of 8 printed pictures of the possible stolen vehicle. That is the same vehicle that Officer Camp observed the defendant driving (1997 Mercedes E-Series) in the Jewel Store parking lot. The defendant positively identified that vehicle as being his and he confirmed that is the same vehicle he was driving today and it is the same vehicle he took possession of from Motor Werks of Barrington (see the defendant's written statement for detailed information on where he obtained the vehicle). The defendant also said that he is the exclusive driver of that vehicle and nobody else has had possession or has used that vehicle for any amount of time. The defendant was asked how his CMART license plate got onto the vehicle he previously identified. The defendant said that he had the CMART license plates on a different vehicle that he owned (a Dodge Spirit). When the temporary license plate expired on the Mercedes the defendant said he installed a set of license plates that were ordered on his behalf from Motor Werks (it began with the number "8" see the defendant's written statement for detailed information on this). The defendant said when those license plates expired he switched them with his vanity plates CMART. The defendant then said that all of the vehicles in his fleet have vanity plates.

060705 22:20 Tim Martin, a representative of Motor Werks of Barrington, arrived at this police department. He stated that he is very certain that the title for the vehicle in question is still in his possession. That title will be faxed to this PD as soon as it is pulled from the file. Furthermore, Martin assured the arresting officer's that Motor Werks has no file of the defendant Lamar C. Chapman III, his company LaSalle Companies or his company Yasamar International as being a customer and purchasing a vehicle from Motor Werks.

Felony approval was obtained from A.S.A. Rob Sparano 054 RS 335 for PSMV and Criminal Trespass to Vehicle.

Based on the arrest of the defendant this r/o recommends this case be closed.

**DEFENDANT'S EXHIBIT, 2-A**

| 1ST REPORTING OFFICER  Inv. Kominski | NO.  13 | STATUS (CHECK ONE)  ☐ OPEN  ☐ SUSPENDED  ☐ CLOSED | UNIT REFERRED TO: | UCR POSITION |
|---|---|---|---|---|
| 2ND REPORTING OFFICER  Ofc. Camp   Ofc. Ignas | NO.  117 / 111 | SUPERVISOR APPROVING  NO | REVIEWER | NO |

# FRANKLIN PARK POLICE DEPARTMENT

**EVIDENCE REPORT**

## TYPE SCENE
- ☐ BURGLARY
- ☐ TRAFFIC ACCIDENT
- ☐ DEATH INV.
- ☒ OTHER

| COMP. NAME (FIRM IF BUSINESS) | DATE | COMPLAINT NO. |
|---|---|---|
| OFC. CAMP 117 | 060705 | 05-9382 |

| ADDRESS OF OCCURRENCE | TIME NOTIFIED | ARRIVED | COMPLETED |
|---|---|---|---|
| 9671 CAREY AVE | 2002 | 2010 | |

## PHOTOS
- ☐ 4 X 5
- ☐ 35 B&W
- ☒ COLOR DIGITAL
- ☐ SLIDES
- ☐ POLAROID

| LATENTS | LOCATION FOUND |
|---|---|
| | |

## IMPRESSIONS
- ☐ TOOL MARKS
- ☐ SHOE PRINTS
- ☐ TIRE IMPRESSIONS
- ☐ PHOTOGRAPHED
- ☐ CASTED

DETAILS/LOCATION:

## VEHICLES

| | YEAR | MAKE/MODEL | COLOR | LICENSE/YEAR | VIN | | |
|---|---|---|---|---|---|---|---|
| 1. | 1997 | MERCEDEZ E420 BENZ | BLUE | CMACT | WDBJF72FX VA309245 | ☐ PAINT ST. ☐ PAINT SC. | ☐ INTERIOR SWEPT ☐ UNDER CARRIAGE |
| 2. | | | | | | ☐ PAINT ST. ☐ PAINT SC. | ☐ INTERIOR SWEPT ☐ UNDER CARRIAGE |

| 1. DETAILS/LOCATION | 2. DETAILS/LOCATION |
|---|---|
| PHOTOGRAPH OF MERCEDEZ BENZ FRONT, SIDE, REAR, LICENSE PLATE | |

MISC. STANDARDS/TRACE/SCRAPPINGS

## GENERAL INFORMATION/DEATH INVEST.
- ☐ FINGER PRINTS
- ☐ PALM PRINTS/VICTIM
- ☐ WOUND PHOTOS
- ☐ NEUTRON/A.A. TESTS
- ☐ HAIR STANDARDS
- ☐ BLOOD STAINS
- ☐ CLOTHING
- ☐ NAIL SC.
- ☐ WEAPON REC.
- ☐ DIAGRAM/MEASUREMENTS
- ☐ TRACE EV. FOUND
- ☐ PROJECTILES REC.

DETAILS

IN SUMMARY, E.T. ROSS ASSIGNED TO PHOTOGRAPH A STOLEN MOTOR VEHICLE @ 9671 CAREY AVE (CARMIE'S TOW YARD), IN SCHILLER PARK. SHOTS INCLUDE FRONT, SIDE, REAR, LICENSE PLATE + VIN NUMBER, WDBJF72FXVA309245. EVIDENCE ASSIGNED NUMBER 05-202

| OFFICER REQUESTING ASSISTANCE | | | |
|---|---|---|---|
| CAMP | 117 | ☐ RELEASE | |
| TECHNICIAN REPORTING | NO. | ☐ LAB PROCESSING | SUPERVISOR APPROVING |
| ROSS | 75 | | |

**FRANKLIN PARK POLICE DEPARTMENT**

**ARREST REPORT**

| | | | |
|---|---|---|---|
| ABSTRACT VIA COMM. CENTER ☐ YES ☐ NO | ZONE 1 | DEFENDANT'S NAME (LAST, FIRST, MIDDLE) CHAPMAN III LAMAL C | COMPLAINT NO. 05-6353 |
| RELATED COMP. NO. N/A | MISCELLANEOUS NOS. N/A | DEFENDANT'S TRUE NAME SA | SOC. SEC. NO. 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 |
| LOCATION OF ARREST (ADDRESS) 10203 Oakland | | NICKNAME OR ALIAS CHAPMAN, LAMAR VANESSA | CITY OF BIRTH CHGO / SOB |
| DESCRIBE TYPE PREMISES Parking lot | | DEF'S RES. ADDRESS 1311 Kensington RD   CITY OAK BROOK | GLASSES ☐ YES ☐ NO |
| DATE/TIME ARRESTED 06-05 1442 | | SEX M | RACE B | D.O.B 07-08-53 | HEIGHT 510 | WEIGHT 11615 | EYES BRN | HAIR BLK | SKIN BROWN |
| BASIS FOR CAUTION None | | FORMAL CHARGE WARRANT - FUGITIVE | DATE/TIME 06-05 1442 | BUILD ☐ S ☐ M ☐ H |
| WEAPON (DESCRIBE) None | OBSERVED DRINKING ☐ YES ☐ NO | SCARS/MARKS/TATOOS None | DEF'S OPERATOR'S LIC. NO. C155-3205-3124 | STATE IL |
| RESISTED ☐ Yes ☐ No | ASSLT'D OFFICER ☐ Yes ☐ No | INJURED OFFICER ☐ Yes ☐ No | SOBER ☐ Yes ☐ No | NARCOTICS ☐ Yes ☐ No | PHOTOGRAPHED ☐ Yes ☐ No | WARRANT NUMBER 05MC4579448 | ISSUING JUDGE Reagan |
| INITIAL COURT DATE & TIME N/A | | WARRANT CLEARED ☐ Yes ☐ No | ISSUE DATE 3-15-05 | COURT DATE None | BOND AMOUNT None |
| CO-DEFENDANTS - BY NAME, SEX, RACE, D.O.B. (A) N/A (B) | | | |
| DEFENDANT'S PLACE OF EMPLOYMENT OR SCHOOL LASALLE COMPANIES | CITY OAK BROOK | OCCUPATION CHIEF BUSINESS OFFICER | RES. PHONE 630 325-4617 | BUS. PHONE 630 881-1936 |

CODE: C = COMPLAINANT   W = WITNESS

M.O.

| NAME | CODE | RESIDENCE ADDRESS | CITY | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|---|
| OFC. CAMP / OFC. IGNAS | W | 9500 Belmont | FP | N/A | 847 671-3200 |
| U.S. MARSHALS SERVICE | C | Chicago IL | | | |

| LICENSE NO. OF TOWED VEHICLE CMART | STATE IL | YEAR 05 | TYPE OF VEHICLE MERCEDES | YEAR 04 | MAKE 4 DR | BODY SEDAN | MODEL | COLOR(S) BLACK |
|---|---|---|---|---|---|---|---|---|
| IGNITION LOCKED ☐ YES ☐ NO | KEYS IN IGNITION ☐ YES ☐ NO | DOORS LOCKED ☐ YES ☐ NO | TOWED TO / NAME OF GARAGE CAL TOWING | | | | INSURANCE HOLD ☐ YES ☐ NO |
| TRUNK LOCKED ☐ YES ☐ NO | RADIO IN CAR ☐ YES ☐ NO | VIN NO. WDBUF70J54A351845 | | MILEAGE UNK | | OTHER HOLD ☐ YES ☐ NO |
| REGISTERED OWNER'S NAME (LAST, FIRST, MIDDLE) THOMAS C | | REG. OWNER'S RESIDENCE ADDRESS 1110 Oakmont RD   Barrington | | | CITY IL |
| | | | | | LEADS NO. TOWED VEH. |

NARRATIVE: IDENTIFY ADDITIONAL WITNESSES. INDICATE FACTS OF CASE.

IN SUMMARY THE ABOVE DEF PULLED INTO THIS R/O AT 10203
Oakland AND APPROACHED THE R/O IN THE ABOVE VEHICLE. THE DEF
ASKED THE R/O FOR DIRECTIONS TO RIDGELAND IN MELROSE PARK. R/O
RANDOMLY RAN THE REGISTRATION OF THE DEF'S VEHICLE (CMART).
UPON RUNNING THE R/O'S THE INFORMATION CAME BACK TO THE ABOVE DEF
AS WELL AS A 1990 DODGE. UPON RUNNING THEREA INFO THE DEF'S
NAME CAME BACK WITH A WARRANT HIT FROM THE U.S. MARSHAL
SERVICE. R/O'S MADE CONTACT WITH THE DEF AND CONFIRMED HIS NAME
WITH THAT OF THE REGISTRATION. R/O'S PLACED THE DEF INTO CUSTODY.

| TRANSPORTING OFFICERS | NOS. | ARRESTING OFFICER CAMP / IGNAS | NO. 112 / 111 | SUPERVISOR APPROVING | NO. |
|---|---|---|---|---|---|
| DATE/TIME BOOKED 06-05 | BOOKING OFFICER IGNAS | NO. 111 | SEARCHED BY. | NO. 111 |

**DEFENDANT'S EXHIBIT, 1**

#1

# VEHICLE BUYER'S ORDER

**MOTOR WERKS**
**MW**

Motor Werks of Barrington, Inc.
1475 South Barrington Road    Barrington, IL 60010    847/381-8900
www.motorwerks.com

| | |
|---|---|
| DRIV. LIC. NO. | CO-BUYER |
| SOC. SEC. NO. | |
| LIC. PLATE NO. | NEW |
| STICKER NO. | |
| EXP. DATE | 10/2002 |
| D.O.B. | |

| | |
|---|---|
| CONTROL NO. | 067925 |
| DATE | 10/29/01 |
| INVOICE NO. | |
| STOCK NO. | P1734 |
| SALESMAN | BYRNES, TI    322 |

PURCHASER __LASALLE COMPANIES__

ADDRESS __1314 KENSINGTON P O BOX 5232__    BUS. PH. __(630) 415-2856__

CITY/STATE/ZIP __OAK BROOK        IL 60523__    RES. PH. __(877) 527-2526__

PLEASE ENTER MY ORDER FOR THE FOLLOWING:  □ NEW  □ USED  or  □ DEMO  □ CAR  or  □ TRUCK

| YEAR | MAKE | MODEL OR SERIES | BODY STYLE | COLOR | MILES |
|---|---|---|---|---|---|
| 1999 | MERCEDES | E320 | 4DR SDN | SILVER | 19228 |

| SERIAL NO. AND/OR ENGINE NO. | | DELIVERED ON OR ABOUT: |
|---|---|---|
| WDBJF65H4XA901413 | | 10/29/01 |

**DESCRIPTION OF TRADE IN:**

| YEAR | MAKE | MODEL |
|---|---|---|
| SERIAL NO. | | |
| COLOR | | |

Purchaser has read all of the provisions on both the face and reverse side of this Order, including the reference to warranty and NO WARRANTIES OF MERCHANTABILITY OR FITNESS. The Purchaser agrees that all such provisions are part of this Order and that this Order supersedes any prior agreement and is the complete and exclusive agreement on the subject matters covered by this Order. THIS ORDER SHALL NOT BECOME BINDING UPON ACCEPT OF BY THE DEALER'S AUTHORIZED REPRESENTATIVE. IN THE CASE OF A TIME SALE, THE DEALER SHALL NOT BE OBLIGATED TO SELL UNTIL A FINANCE SOURCE APPROVES THIS ORDER AND AGREES TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PURCHASER AND THE DEALER. DEALER ON THIS ORDER. Purchaser certifies he is of majority age and has received a true copy of this Order.

DISCLAIMER OF WARRANTIES

NOTICE: TO THE NEGOTIATED CASH SALE PRICE OF EACH VEHICLE, NO MORE THAN $ 50 MAY BE ADDED FOR DEALER COSTS AND OVERHEAD. THE ONLY OTHER ADDITIONAL CHARGES PERMITTED ARE DEALER-ADDED OPTIONS, WARRANTY AND SERVICE CONTRACTS, INSURANCE AND THE ACTUAL COST OF LICENSE AND TITLE REGISTRATION AND TAXES.

| | | |
|---|---|---|
| BASE PRICE: | | 37,000.0 |
| OPTIONAL EQUIPMENT: | | |
| MISC | | MISC |
| TOTAL OF ABOVE ITEMS | $ | 37,000.0 |
| USED CAR ALLOWANCE | $ | N/A |
| NET BALANCE | $ | 37,000.0 |
| DOCUMENTATION FEE | $ | 50.4 |
| TOTAL OF ABOVE ITEMS | $ | 37,050.4 |
| SALES TAX  6.50 | $ | 2,408.0 |
| COOK COUNTY TAX | $ | N/A |
| LUXURY TAX | $ | N/A |
| LIC. FEES □ TRANSFER □ RV □ PASS □ B PLATE | $ | 143.0 |
| TOTAL | $ | 39,601.4 |
| EXTENDED WARRANTY | $ | N/A |
| BALANCE OWING ON USED CAR | $ | N/A |
| DEPOSIT REC'T # | $ | |
| | | N/A |
| TOTAL CASH | $ | 39,601.4 |
| AMOUNT FINANCED | $ | N/A |

PURCHASER'S SIGNATURE    DATE 10/29/01    ACCEPTED BY

# NO PUBLIC LIABILITY, PROPERTY DAMAGE OR PHYSICAL DAMAGE INSURANCE ISSUED WITH THIS TRANSACTION

Illinois Department of Revenue

# ST-556
(R-1/97)

## Sales Tax Transaction Return
(For Vehicles, Watercraft, Aircraft, Trailers, and Mobile Homes)

Do not write above this line. | NS | CA | DP | RC | TL |

| | |
|---|---|
| Tax return no.: | 31468462-2 |
| IBT no.: | 1525-7037 |
| Taxable location no.: | 049-0003-0 001 |
| Taxable location name: | BARRINGTON |
| Dealer's license no.: | DL 4500 |
| REV | 01 |
| FORM | 016 |

MOTOR WERKS OF BARRINGTON INC
206 N COOK ST
BARRINGTON IL 60010-3226

## 1 Write the buyer's name and address

Name(s) LASALLE COMPANIES

Street 1314 KENSINGTON P O BOX 5 City OAK BROOK State IL ZIP 60523

## 2 Describe the item sold

☐ A Vehicle  ☐ B Watercraft  ☐ C Aircraft
☐ D Trailer  ☐ E Mobile Home

☐ New  ☑ Used   000P1734

Identification no. WDBJF65H4XA901413

Year 1999  Make MERCEDES

Body style and model 4DR SDN E320

## 3 Write the date of delivery 10-29-01
month day year
(This return is due no later than 20 days after the date of delivery.)

## 4 Describe the trade-in, if any

Item traded in _____

Identification no. _____

Year _____ Make _____

Body style and model _____

## 5 Is the sale exempt from tax?

If so, check the correct box below, and fill in Section 6. Lines 1 and 2.

☐ A Sold to an out-of-state purchaser
drive-away permit no./lic. plate no. _____ state _____
☐ B Sold for resale
purchaser's IBT no. _____
☐ C Sold to an exempt organization (government, school, religious, or charitable) tax-exempt no. E _____
☐ D Sold to an interstate carrier (attach Form RUT-7)
☐ E Sold for rental use
renter's IBT no. _____
☐ F This form is void (keep in your records for 42 months)
☐ G Other (describe) _____

## 6 Write the price, and figure the tax
(to nearest dollar)

| | |
|---|---|
| 1 Total price, including accessories, federal tax, and freight | 37,050.4 |
| 2 ☐ Total trade-in credit or value ☐ Net insurance settlement amount (Attach Form RVT-7) | N/A |
| 3 Amount subject to tax [Line 1 - Line 2] | 37,050.4 |
| 4 Tax [Line 3 X .0650 ] (if you made this sale from a temporary sales location, see the instructions.) | 2,408.0 |

*Ln 3 x .0750 if Chicago buyer

5 Use tax - optional (see instructions)
a. County DU PAGE
b. City OAK BROOK   N/A
c. Township _____

6 Total tax (Line 4 + Line 5) .......... 2,408.0

Dealer's check no. _____

Do not write below this line.

Date received by Illinois state government   Copy 3 - Purchaser's

Under penalties of perjury, we state that we have examined this return, including any schedules and statements, and, to the best of our knowledge, it is true, correct, and complete. If the seller has taken a qualified trade-in, we also state that the buyer has properly assigned and surrendered the title of the trade-in to the seller.

Signature of buyer(s) _____ Date 10/29/01

Signature of seller _____ Date 10/29/01

This form is authorized as outlined by the Illinois tax laws and the Illinois Vehicle Code. Disclosure of this information is REQUIRED. Failure to provide information could result in penalties. This form has been approved by the Forms Management Center.   IL-492-1556

# ODOMETER DISCLOSURE STATEMENT

FEDERAL LAW (AND STATE LAW, IF APPLICABLE) REQUIRES THAT YOU STATE THE MILEAGE UPON TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

I, _____ MOTOR WERKS PARTNERS L.P. _____ STATE THAT
(TRANSFEROR'S NAME - SELLER - PRINT)

THE ODOMETER NOW READS _____ 19228 _____ MILES AND TO THE
(ODOMETER READING (NO TENTHS))

BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED BELOW, UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED.

☐ (1) I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING REFLECTS THE AMOUNT OF MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS.

☐ (2) I HEREBY CERTIFY THAT THE ODOMETER READING IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY.

| MAKE | MODEL | BODY TYPE |
|---|---|---|
| MERCEDES | E 320 | 4DR SDN |

| VEHICLE IDENTIFICATION NO. | YEAR | DEALER STOCK NO. |
|---|---|---|
| WDBJF65H4XA901413 | 1999 | 000P1734 |

| TRANSFEROR'S SIGNATURE (SELLER) | (PRINTED NAME) |
|---|---|
| X _____ | DANIELS, NICOLE M    (AGENT) |

| TRANSFEROR'S STREET ADDRESS (SELLER) |
|---|
| 206 N. COOK ST. |

| (CITY) | (STATE) | (ZIP CODE) |
|---|---|---|
| BARRINGTON | IL | 60010 |

DATE OF STATEMENT 10/29/01

| TRANSFEREE'S SIGNATURE (BUYER) | (PRINTED NAME) |
|---|---|
| X _____ | LASALLE COMPANIES |

| TRANSFEREE'S NAME (BUYER) |
|---|
| LASALLE COMPANIES |

| TRANSFEREE'S STREET ADDRESS (BUYER) |
|---|
| 1314 KENSINGTON P O BOX 5232 |

| (CITY) | (STATE) | (ZIP CODE) |
|---|---|---|
| OAK BROOK | | 60523 |

580.8 REV. 3/88

ORIGINAL - TRANSFEREE (BUYER)



NO
POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

# BUSINESS REPLY MAIL

First Class Mail • Permit No. 262 • Barrington, IL 60010

Postage will be paid by:



Paul Tamraz, President CEO
Motor Werks of Barrington
Barrington & Dundee Roads
Barrington, IL 60010-9849

Byrnes P1734



# OWNER SATISFACTION REPORT

Providing you the best service in the retail automotive industry is an ongoing process of improvement. We'd like your opinion of our recent performance. The more we know, the better it is for all of us.

Additional comments? You can also E-mail us at: ~~█████████~~ or browse our web pages on the internet: ~~████████████~~

| | |
|---|---|
| Your Name: LaSalle Companies | Model Purchased: 1999 MB E320    Purchase Date: 10-29-01 |

**Please rate the Motor Werks sales staff**

Circle one choice, Grade 1 thru 5, 5 being "Very Satisfied"

| | | | | | |
|---|---|---|---|---|---|
| 1. Presentation of product features and benefits | 5 | 4 | 3 | 2 | 1 |
| 2. Knowledge of the product | 5 | 4 | 3 | 2 | 1 |
| 3. Personal appearance | 5 | 4 | 3 | 2 | 1 |
| 4. Attitude | 5 | 4 | 3 | 2 | 1 |
| 5. Overall handling of the transaction | 5 | 4 | 3 | 2 | 1 |

**Please rate the condition of your car at time of delivery**

| | | | | | |
|---|---|---|---|---|---|
| 1. Cleanliness (inside and outside) | 5 | 4 | 3 | 2 | 1 |
| 2. Mechanical operation (engine, transmission) | 5 | 4 | 3 | 2 | 1 |
| 3. Exterior (operation of doors, hood, trunk) | 5 | 4 | 3 | 2 | 1 |

**Please rate your experience at time of delivery**

1. Were the service maintenance schedule and new car warranty explained to you? ❏ Yes ❏ No
2. Were you offered the opportunity to purchase an extended service contract? ❏ Yes ❏ No
3. Did anyone explain the vehicle's features and benefits? ❏ Yes ❏ No
4. Were you offered any Environmental Protection products? ❏ Yes ❏ No
5. Were you given an explanation or tour of our service department facilities? ❏ Yes ❏ No
6. Did our salesperson make a follow-up phone call after you took delivery of your car? ❏ Yes ❏ No

**Of the following factors, which attracted you to Motor Werks of Barrington?**

❏ Prior Purchase     ❏ Trade-in Value        ❏ Reputation
❏ Advertising        ❏ Recommendation        ❏ Sale Price
❏ Location           ❏ Other _____

**Please share your comments or suggestions to help improve our facilities or procedures**

_____

_____

_____

# QUALITY



**SmartChoice2000**
*pre-owned*
CERTIFIED

THIS PRE-OWNED VEHICLE IS CERTIFIED AND INCLUDES A WARRANTY AT NO ADDITIONAL COST TO YOU. WHAT DOES CERTIFIED MEAN TO YOU? IT MEANS THAT THIS VEHICLE HAS BEEN INSPECTED BY A CERTIFIED MECHANIC. IT HAS BEEN INSPECTED BY A ...

WE BELIEVE THAT THIS VEHICLE'S QUALITY IS SUCH THAT WE CAN INCLUDE A COMPREHENSIVE WARRANTY ON THIS VEHICLE FREE ... AND MUCH MORE ...

## COMPREHENSIVE COVERAGE

INCLUDES, BUT IS NOT LIMITED TO THE FOLLOWING COVERAGES.

SEE YOUR LIMITED WARRANTY FOR EXACT COMPONENT COVERAGES.

**ENGINE:** All internal lubricated parts; timing belt, pulleys and cover; oil pump; water pump; manifolds, harmonic balancer; engine mounts; turbo-charger housing, internal parts and vanes. Engine Cooling System: Fan and clutch, fan motor, radiator recovery tank, Fuel System: Fuel pump, fuel injection pump; lines, nozzles; tank filler ...

**TRANSMISSION:** Automatic/Transfer Case: All internal lubricated parts; torque converter; vacuum modulator; Manual/Transfer Case: All internal lubricated parts; over-drive housing, filler tube and dipstick. Does not include manual clutch, pressure plate, throw-out bearings, pilot bearing or bushing, clutch master or slave cylinders.

**DRIVE SYSTEM:** Rear Wheel Drive: All internal lubricated parts; propeller shafts; supports and U-joints; axle shafts and bearings. Front wheel Drive: All internal lubricated parts; axle shafts, constant-velocity joints; front hub bearings.

**FRONT SUSPENSION:** Upper and lower control arms, shafts, and bushings; upper and lower ball joints, stabilizer shaft, linkage and bushings; kingpins and bushings; spindles and supports; wheel bearings.

**STEERING:** All internal lubricated parts; rack and pinion and all internal parts; power cylinder assembly; power steering pump; main and intermediate steering shafts and couplings; tie rods and tie rod ends; idler arm; pitman arm.

**BRAKES:** Master cylinder; power brake booster; wheel cylinders; hydraulic lines and fittings; disc calipers.

**FACTORY AIR CONDITIONING:** Compressor; condenser; evaporator; receiver dryer and orifice tube.

**ELECTRICAL:** Starter motor, starter drive and solenoid; alternator; voltage regulator; distributor; electronic ignition module; wiring harnesses; manually operated switches; wiper motor, power window motor; sunroof motor and heater/AC blower motor.

## TAXES AND FLUIDS

State and local taxes, where applicable, and fluids as required as part of a covered repair.

## ADDITIONAL BENEFITS

**SUBSTITUTE TRANSPORTATION**
If your covered repairs are not completed the same day and you require substitute transportation, we will reimburse you for such expenses for up to 5 days. (not available in all states)

**TOLL-FREE, 24-HOUR ROADSIDE ASSISTANCE**
SmartChoice2000 provides National Roadside Assistance for towing and other emergency needs. If you have a breakdown or need assistance, all you do is call our 800 toll free number and our dedicated staff will be there to help you 24 hours a day.

National ROADSIDE ASSISTANCE

**TOWING**
Towing will be provided to you when needed, even if the reason for the tow is not covered by the service agreement (such as collision).

**GASOLINE AND FLUIDS**
An emergency supply of gasoline, oil, cooling fluid & water will be delivered to you when an immediate need arises.

**FLAT TIRE ASSISTANCE**
Removal and replacement of a flat tire with your spare.

**LOCK-OUT**
The service will provide for a commercial locksmith to gain entry to your vehicle if the keys are locked in the vehicle.

**BATTERY JUMPSTART**
If a battery failure occurs, a jump start will be delivered to you when in immediate need.

**TOLL-FREE ACCESS**
If you need assistance for any of the above services, just call our toll-free 800 number.

**SmartChoice2000**
*Securing Your Future*

**See warranty contract for details and conditions.**

## STATE OF ILLINOIS

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| WDBJF65F6WA705700 | 1998 | MERCEDES-BENZ | E320 | 4 DOOR | X4300031035 |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 10/26/04 | 59599 | | USED | 10/12/04 |

MOBILE HOME SO. FT.

TYPE OF TITLE
ORIGINAL

**MAILING ADDRESS**

LA SALLE COMPANIES
1314 KENSINGTON PO BOX 5232
OAK BROOK IL 60523

**OWNER(S) NAME AND ADDRESS**

ACTUAL MILEAGE

LA SALLE COMPANIES
YASMAR INTERNATIONAL LTD
1314 KENSINGTON PO BOX 5232
OAK BROOK IL 60523
FIRST LIENHOLDER NAME AND ADDRESS

SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN

The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

| | By | Signature of Authorized Agent | Date |
|---|---|---|---|
| Firm Name | By | Signature of Authorized Agent | Date |
| Lien Name | | | |

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.

Secured Party: _____ Address: _____

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
WARNING-ODOMETER DISCREPANCY

ODOMETER READING ____ NO ____ TENTHS

Signature(s) of Seller(s) _____
Printed Name(s) of Seller(s) _____     DATE OF SALE _____
I am aware of the above odometer certification made by seller
Signature(s) of Buyer(s) _____     Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

D35214840

CONTROL NO.

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE

**DEFENDANT'S EXHIBIT, 18**

# CERTIFICATE OF TITLE OF A VEHICLE

| | YEAR | MAKE | MODEL | | BODY STYLE | | TITLE NO. |
|---|---|---|---|---|---|---|---|
| | 2003 | MERCEDES-BENZ | CLK320 | | COUPE | | XS23502700 |

| | ODOMETER | COM | PURCHASED | | | PURCHASE DATE |
|---|---|---|---|---|---|---|
| | 38124 | | USED | | | 06/03/04 |

MOBILE HOME SQ. FT

TYPE OF TITLE
ORIGINAL

LA SALLE COMPANIES YASMAR INT
PO BOX 5232
OAK BROOK IL 60523

ACTUAL MILEAGE

## RELEASE OF LIEN

The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

By_____     Signature of Authorized Agent

By_____     Signature of Authorized Agent

This title is to be an an application for title and presented to the Secretary of State.

Address:

## ASSIGNMENT OF TITLE

I certify that the vehicle described in this title has been transferred to the following printed name and address:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage."
　　WARNING-ODOMETER DISCREPANCY

DATE OF SALE _____

Printed Name _____

Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

037357040

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

**DEFENDANT'S EXHIBIT, 19**



# CERTIFICATE OF TITLE OF A VEHICLE

LASALLE CO YASMAR INTERNATIONAL LTD
1314 KENSINGTON RD PO BOX 5232
OAK BROOK IL 60523-3213

**DEFENDANT'S EXHIBIT, 20**

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| WDBNG70J82A250942 | 2002 | MERCEDES-BENZ | S430 | 4 DOOR | X51236782?? |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 05/03/05 | 20005 | | USED | 02/15/05 |

MOBILE HOME SQ. FT.

TYPE OF TITLE
**ORIGINAL**

MAILING ADDRESS

LASALLE CO YASMAR INTERNATIONAL
1314 KENSINGTON RD PO BOX 5232
OAK BROOK IL 60523-3213

ACTUAL MILEAGE

LASALLE CO YASMAR INTERNATIONAL
1314 KENSINGTON RD PO BOX 5232
OAK BROOK IL 60523-3213

**RELEASE OF LIEN**

The holder of a lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

By _____
Signature of Authorized Agent

By _____
Signature of Authorized Agent

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
**WARNING—ODOMETER DISCREPANCY**

DATE OF SALE _____

Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named herein is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

036625913
CONTROL NO.

*Jesse White*
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS

**DEFENDANT'S EXHIBIT, 21**



Byrnes
Motor Werks of Barrington, Inc.
1475 S. Barrington Road
Barrington, Illinois USA 60010-5235

LaSalle Companies
1314 Kensington P O Box 5232
Oak Brook, Il 60523

# ALEXANDER, CAVANAUGH & BLOCK, LLC

LIABILITY MITIGATION™ • SURROGATE LITIGATION™ • ASSET RE-APPROPRIATION™ • LITIGATION FUNDING & BUSINESS COUNSEL™

## Business Counsel - For The Business of Life!®

1314 Kensington Road
Post Office Box 5232
Oak Brook Illinois 60523-5232
Toll Free Number (877) 31-BLOCK
Writer's Direct Number (630) 881-1936
Facsimile Toll Free Number (800) 706-5373
E-mail: acblock.com

*June 15, 2005*

**COPY**

CERTIFIED MAIL
*Return Receipt Requested*

Randle Petterson, Chief
Franklin Park Police Department
9545 W. Belmont
Franklin Park, Il 60131

      RE: Impounded Mercedes Benz
      People of the State es. Lamar Chapman

Dear Chief Petterson:

      This letter is intended to memorialize the fact that your Department made a "random run" of the vehicle registration of the undersigned on Tuesday June 7, 2005. Also on said date, your officers arrested the undersigned on a legally defective and void federal state warrant and other charges related to the above- reference vehicle.

      I intend to move the circuit court to stay the impoundment of the above reference vehicle to your Departments trust and custody. Please be advised that there remain approximately Twenty-Two Thousand Dollars ($22,000.00) and personal items in said vehicle which includes, but is not limited to the following property:

### DEFENDANT'S EXHIBIT, 24

---

*Chicago, New York, San Francisco, Los Angeles, Detroit, Atlanta, Milwaukee, Houston, Portland, Tulsa, Washington, D.C., Philadelphia, Miami, Pittsburgh, Cleveland, Baltimore, Indianapolis, Memphis, Louisville, St. Louis, Kansas City, Buffalo, Minneapolis, Cincinnati, San Antonio, Phoenix, Seattle, New Orleans, Orlando, Denver, Toronto, Ontario, Canada and Worldwide Affiliates*

www.acblock.com

A LA SALLE COMPANY
*www.lasallecompanies.com*

ALEXANDER, CAVANAUGH & BLOCK, LLC

Randle Petterson, Chief
Franklin Park Police Department

Page two

| | | |
|---|---|---|
| Brother laser printer | Antique alarm clock | Panasonic Electric shaver |
| Cannon scanner | Antique USNA bible | Coach Cadin bag-leather |
| Scimen cell phone | USNA Jacket | Brione semi-custom suit |
| Sony Vaio laptop computer | Biblical Video | Jos. Banks suits (3) |
| Computer disk-removable | Cuff links | Jos. Banks dress shirts (6) |

Jos. Banks Cashmere sweater (2)
Misc. sportswear
Misc. casual wear
Cash and Coins – approx. $12.00

Private client information & checks
Business files & folders
Lawsuits, pleadings, & memorandum
Unopened priority mail (3)

Chief Petterson, based on information and belief the arresting officers improperly allowed the vehicle title and registration to be removed from the impounded vehicle, including but not limited to the 1999 Motor Werks of Barrington original buyer's order and owners manual made out to La Salle Companies found in the glove department of said vehicle.

Please advise if you have questions comments or other input thank you.

Very truly yours,
ALEXANDER, CAVANAUGH & BLOCK, LLC

L. CHRISTOPHER CHAPMAN III
Managing Director – Chief business counsel

LC III/dv

cc   Assistant States Attorney-Maywood Facsimile Delivery (708) 865 -6083
     Mr. Anton Zallucas, *Esq.* Facsimile Delivery (312) 527-0484
     Chief Petterson via facsimile delivery (847) 671-9345

**DEFENDANT'S EXHIBIT, 25**

File Date:  __2 - 21 - 2005_____

Case No:  __07cv6484_____

ATTACHMENT # _____

EXHIBIT  __petitioner's C_____

TAB (DESCRIPTION)

_____

$ 06/07/05 15:22:05 From STATE To DSP3
M/DSP3

 SOS  06072005  1520

 STA/VALID    ORIG TITLE ISS/06221999

 TTL/T9173872035  PURCHASED USED
 VIN/WDBJF72FXVA309245  NOT EDITED
 1997 MERZ E42 PC BLU
 ODM/000108   ACTUAL MILEAGE
 PUR/04291999
 LIC/XM8293   101999

 OWN/MALIA THOMAS C
 DLN/M40082344281 COMPUTED DLN
 1260 OAK RIDGE RD BARRINGTON IL 60010
 SURR TTL/T7049074047  ORIG TITLE 021897 IL
 PRIOR TITLE INFO:
 MCO       TYPE UNKNOWN

File Date: _2 - 2 /- 2 0 0 8_____

Case No: _07 CV6484_____

ATTACHMENT # _____

EXHIBIT _petitioner's exhibits-_____

**TAB (DESCRIPTION)**

_____

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

December 20, 2006

Lamar C. Chapman, III
#2006-0088350
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Chapman:

We hereby inform you that your petition in the cause entitled:

**LAMAR C. CHAPMAN, III -vs- THOMAS DART, et al.**

has been assigned case number:    **06C  7026**

and to:    **JUDGE AMY ST. EVE**

**MAGISTRATE JUDGE
GERALDINE SOAT BROWN**

who will rule on your petition.
is the designated magistrate for your case.

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an original document, a copy for the judge and one additional copy of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.

Sincerely,

Prisoner Correspondent



Cermak Health Services of Cook County
2800 S. California Avenue
Chicago, IL 60608

*FILE Copy*

## DETAINEE HEALTH SERVICE REQUEST FORM

Mark box ☒ on the left of answers or print in space provided.
Side 1 - English

Name: _LAMAR CHAPMAN III_ Today's Date: _DECEMBER 16, 2006_

ID #: _2006-0088350_ Division: _5_ Tier: _J1-U6_ Birth Date: _07-08-53_
(Booking Year)   (Number)

**FOR A MEDICAL / DENTAL / MENTAL HEALTH PROBLEM USE A SEPARATE REQUEST FORM FOR EACH PROBLEM.** EACH FORM WILL BE SENT TO THE APPROPRIATE HEALTH SERVICE PROVIDER.

☐ I want information about HIV / AIDS

_THIS CORRESPONDENCE IS INTENDED TO MEMORIALIZE THE FOLLOWING FACTS:_

Describe your problem: _ON DECEMBER 7, 2006, AND DECEMBER 14, 2006, YOU DISPENSED THE WRONG MEDICATION TO THE UNDERSIGNED. INSTEAD OF PROVIDING THE UNDERSIGNED WITH ATENOLOL 50 MG I HAVE BEEN GIVEN AND TAKING ASPIRIN EC TABLET 81 MG. AS A RESULT OF THIS WRONGFUL MEDICATION I HAVE EXPERIENCED SHARP ABDOMEN PAIN; STOMACH CRAMPS; BLOOD IN MY STOOL; HEAD ACHES, AND LIGHT HEADEDNESS. PLEASE ADVISE_

How long have you had this problem? _TWO_ days / (weeks) / months (circle one)

Next Court Date: _HOW YOU INTEND TO CORRECT THE PROBLEM, THANK YOU!_

### !!!STOP!!!   DO **NOT** WRITE BELOW THIS LINE

Referred to: ☐ Medical ☐ Dental ☐ Mental Health ☐ Health Educator ☐ DOC   Date:

**Initial Provider Note:** _____

_____

_____

_____

_____

Signature/Title: _____ Date: _____ Time: _____

**Secondary Disposition:** (as indicated): Recommended Follow-up:   ☐ Sick Call   ☐ PRN

Signature/Title: _____ Date: _____ Time: _____

**Appointment Scheduler:**

Appointment Date: _____

Signature/Title: _____

Date: _____ Time: _____

PATIENT LABEL

Form# 88322  Rev: March 2006

EMERGENCY REQUEST !!!

**COOK COUNTY DEPARTMENT OF CORRECTIONS**
**DETAINEE REQUEST FORM**

Please request only one(1) of the following service(s)

☐ Write out
☐ Superintendent
☐ Drug Unit Transfer
☐ Trust Fund Balance
☐ Board of : # 17-21 yrs.
☐ Ged - 21 yrs. & over
☒ Other

☐ Parole Information
☐ Law Library
☐ Public Library
☐ Mail Information
☐ Commissary

☐ Chaplain
☐ Muslim Services
☐ Catholic Services
☐ Protestant Services
☐ Lutheran Services
☐ Baptist Services
☐ Jewish Services

Detainee Name
Antoine Chapman III

Detainee ID#
2005-0041943

Division ONE

Detainee Signature

Date Submitted
Sept. 27, 2005

Draft Date
Sept. 29, 2005

Living Unit
3-12

For Reasons That Home Network To Do With The Undersigned This Decl Is Undsl Look Down, I Am In Emergency Nead To Talk To My Attornes O.H. Typebined Bases Before I Go To Court On Monday.

Staff Signature

Date Detainee Received Response/Serviced

Request Inc.

Order Form (01/2005)

Case 1:06-cv-07026    Document 8    Filed 12/28/2006    Page 1 of 1

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7026 | **DATE** | 12/28/2006 |
| **CASE TITLE** | Lamar C. Chapman, III vs. Thomas Dart | | |

**DOCKET ENTRY TEXT**

Petitioner has paid the filing fee. The Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]                                           Notices mailed by Judicial staff.

---

## STATEMENT

Petitioner brings the present petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Petitioner does not state specifically of what he was convicted, it appears he was convicted of possessing or possession of a stolen motor vehicle and criminal trespass to a motor vehicle on November 15, 2006. Petitioner is due to be sentenced in state court on January 30, 2007.

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *Bintz v. Bertrand,* 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Id.; see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Here, Petitioner has yet to be sentenced in state court, and thus has a number of state remedies to pursue before exhausting his state remedies, in particular, a direct appeal to the Illinois Appellate Court. Simply put, Petitioner has failed to exhaust his state court remedies, and thus the present habeas petition is not properly before the Court.

The Court advises Petitioner that Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations subject to certain tolling provisions. *See Araujo v. Chandler,* 435 F.3d 678, 680 (7th Cir. 2005); *Gray v. Briley,* 305 F.3d 777, 778 (7th Cir. 2002). For instance, the statute expressly recognizes that the one-year period is tolled during the pendency of properly filed state post-conviction petitions. *Powell v. Davis,* 415 F.3d 722, 725 (7th Cir. 2005); *see also Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Petitioner therefore should file his federal habeas petition as soon as possible *after his state remedies are completed* so that he files it within the statute of limitations. *See Dolis v. Chambers,* 454 F.3d 721, 723-24 (7th Cir. 2006) (if statute of limitations not at issue, dismissal of habeas petition without prejudice appropriate); *see generally Rhines v. Weber,* 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Accordingly, after preliminary review, the Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court also dismisses Petitioner's emergency motion as moot.

| | Courtroom Deputy Initials: | GR |
|---|---|---|

No. 1-07-0304

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 05 C4 40627. |
| | ) | |
| LAMAR CHAPMAN, | ) | Honorable |
| | ) | Lawrence Terrell, |
| Defendant-Appellant. | ) | Judge Presiding. |

**ORDER**

This matter coming to be heard on Appellant's motion, all parties having been duly notified, and the Court being advised in the premises,

IT IS HEREBY ORDERED:

That an extension of time until October 1, 2007, in which to file Appellant's record is allowed/~~denied~~.

_____
PRESIDING JUSTICE

**ORDER ENTERED**

AUG 0 8 2007

_____
JUSTICE

DATE: **APPELLATE COURT, FIRST DISTRICT**

_____
JUSTICE

MICHAEL J. PELLETIER
Deputy Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472
COUNSEL FOR DEFENDANT-APPELLANT

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6484 | **DATE** | 1/2/2008 |
| **CASE TITLE** | Chapman vs. Walker, et al | | |

**DOCKET ENTRY TEXT**

Respondent is directed to file a response to the amended habeas petition on or before February 1, 2008. The response shall address the issues outlined in this Order, as well as any other issues Respondent deems relevant. Petitioner shall file a reply on or before February 22, 2008.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

### STATEMENT

Lamar C. Chapman, a state prisoner who is currently out on parole, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges, on numerous grounds, his 2005 state criminal conviction for possession of a stolen vehicle. Petitioner has paid the statutory filing fee; he has also filed an amended habeas petition as directed.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 generally must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). In fact, the Court notes that a previous habeas action brought by the Petitioner was dismissed for failure to exhaust administrative remedies prior to seeking federal habeas review. *See Chapman v. Dart*, Case No. 06 C 7026 (N.D. Ill.), dismissed by Minute Order of December 28, 2006 (St. Eve, J.).

However, 28 U.S.C. § 2254(b) provides for two exceptions to the general exhaustion requirement: (1) when there exists no state corrective process, and (2) when circumstances render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A failure to exhaust may be deemed excused if the available state corrective process is ineffective--that is, if there exists an inordinate and unjustified delay in the state court proceedings. *Id.; see also, Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).

Petitioner seeks to bypass state court remedies on the basis that the Illinois Appellate Court has not ruled on either Petitioner's direct appeal or his post-conviction petition, both of which have purportedly been pending for over a year. While there is no bright line rule as to what constitutes "inordinate" delay, the court of appeals for this circuit has found delays of seventeen months and three and one-half years to be inordinate. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (on direct appeal from conviction, attorney's failure to file appellate brief after seventeen months constituted inordinate delay); *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (exhaustion excused since post-conviction petition lay dormant for three an one-half years). Particularly because Petitioner's sentence will soon expire, he may therefore be able to establish that he should be permitted to bypass the state process. Respondent will accordingly be given the opportunity to

## STATEMENT

explain the reasons for the delay or to otherwise argue why the exhaustion requirement should not be waived in this case.

Respondent is ordered to answer the amended habeas petition or otherwise plead on or before February 1, 2008. Petitioners' reply is due on or before February 22, 2008.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any filing to the Chief, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR C. CHAPMAN, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No: 07 CV 5411 |
| | ) | JUDGE DER YEGHIAYAN |
| THE VILLAGE OF FRANKLIN PARK, | ) | MAGISTRATE JUDGE NOLAN |
| ILLINOIS; THE FRANKLIN PARK | ) | |
| POLICE DEPARTMENT; JASON | ) | |
| IGNUS, *in his individual capacity;* | ) | |
| PATROLMAN KONWINSKI, *in his* | ) | |
| *individual capacity;* MOTOR WERKS | ) | |
| OF BARRINGTON, INC.; MOTOR | ) | |
| WERKS PARTNERS, L.P.; PAUL | ) | |
| TAMRAZ, *in his individual capacity;,* | ) | |
| and TIMOTHY MARTIN, *in his* | ) | |
| *individual capacity,* | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF FILING

To:  SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE on January 28, 2008, I electronically filed with the Clerk of the United States District Court, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois the following:

**Defendants' Reply in Support of Motion for More
Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e)**

        s/Katherine A. Sikich
Katherine A. Sikich
IL Bar No. 6290767
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
E-mail: ksikich@mrvlaw.com

Case 1:07-cv-06411   Document 49   Filed 01/22/...   Page...

## CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, states on January 29, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

pcuevas@dowdanddowd.com
jgilleran@dowdanddowd.com
pruberry@dowdanddowd.com

I also certify on January 29, 2008, I have mailed by United States Postal Service the foregoing to:

Lamar C. Chapman, III
*Alexander, Cavanaugh & Block, LLC*
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois  60523-5232

s/Katherine A. Sikich
Attorney for Defendants
ARDC # 6290767
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
ksikich@mrvlaw.com



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

March 1, 2007

Mr. Lamar Chapman
Register No. R-59114
Vienna Correctional Center
P.O. Box 200
Vienna, IL 62995

<u>People v. *Lamar Chapman*</u>
Indictment No.    05 C4 40627

Dear Mr. Chapman:

This letter is to inform you that this office has been appointed to represent you in your case on appeal. Enclosed is an information sheet which explains the procedures we follow in handling appeals and a timetable which explains the approximate length of time the appeal process is expected to take, beginning with the date the notice of appeal is filed.

A specific attorney in our office will not be assigned to your case until we have received your complete record. We usually receive the complete record six to ten months from the date of our appointment, but there are instances where it takes even longer. When we do receive the record, you will be notified of the attorney assigned to your case. From that point on you should direct any questions to the attorney assigned to your case. The named attorney will handle your case unless another attorney's caseload would permit him/her to work on your case sooner. In the event that your case is reassigned, you will be notified.

Prior to the assignment of your case to an attorney, should you have any questions, please do not hesitate to write Ms. Mary Grudnowski, the paralegal assigned to your case until an attorney is assigned. Due to budget constraints, Ms. Grudnowski cannot accept your collect calls. If she needs to speak to you, arrangements will be made to accept your collect call.

Please be aware that Ms. Grudnowski is not an attorney and cannot answer your legal questions. No attorney will be able to answer your legal questions until we have a complete record on your case. The appellate process is unfortunately slow. Know we are doing all we can to move along your case.

Page 2

Finally, it is very important that you keep us informed of your current location. If you are incarcerated and are transferred to another institution, please notify us of your change of address. If you are being released, and/or are on probation, please notify us of an address and/or phone number where we may contact you. Pursuant to appellate court rules, we are obligated to keep the appellate court informed of your current address.

It is your responsibility to inform this office of your current location. If we are unable to contact you, and we determine that the risk of proceeding with your appeal outweighs any possible benefit, then we may move to dismiss your appeal or ask to withdraw as counsel and you will lose your right to appeal your case. On the other hand, we may decide to proceed with your appeal even though there is a risk to you. Please keep us informed of your whereabouts so that this does not happen.

Sincerely,

*Michael J. Pelletier*

MICHAEL J. PELLETIER
Deputy Defender

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 7026 | **DATE** | 12/28/2006 |
| **CASE TITLE** | Lamar C. Chapman, III vs. Thomas Dart | | |

### DOCKET ENTRY TEXT

Petitioner has paid the filing fee. The Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■[ For further details see text below.]                                         Notices mailed by Judicial staff.

---

### STATEMENT

Petitioner brings the present petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Although Petitioner does not state specifically of what he was convicted, it appears he was convicted of possessing or possession of a stolen motor vehicle and criminal trespass to a motor vehicle on November 15, 2006. Petitioner is due to be sentenced in state court on January 30, 2007.

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *Bintz v. Bertrand*, 403 F.3d 859, 863 (7th Cir. 2005). Specifically, the "petitioner must establish that he fully and fairly presented his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Id.*; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Here, Petitioner has yet to be sentenced in state court, and thus has a number of state remedies to pursue before exhausting his state remedies, in particular, a direct appeal to the Illinois Appellate Court. Simply put, Petitioner has failed to exhaust his state court remedies, and thus the present habeas petition is not properly before the Court.

The Court advises Petitioner that Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations subject to certain tolling provisions. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005); *Gray v. Briley*, 305 F.3d 777, 778 (7th Cir. 2002). For instance, the statute expressly recognizes that the one-year period is tolled during the pendency of properly filed state post-conviction petitions. *Powell v. Davis*, 415 F.3d 722, 725 (7th Cir. 2005); *see also Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). Petitioner therefore should file his federal habeas petition as soon as possible *after his state remedies are completed* so that he files it within the statute of limitations. *See Dolis v. Chambers*, 454 F.3d 721, 723-24 (7th Cir. 2006) (if statute of limitations not at issue, dismissal of habeas petition without prejudice appropriate); *see generally Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

Accordingly, after preliminary review, the Court summarily dismisses the present petition for a writ of habeas corpus without prejudice for failure to exhaust state remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court also dismisses Petitioner's emergency motion as moot.

| | Courtroom Deputy Initials: | GR |
|---|---|---|

No. 1-07-0304

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 05 C4 40627. |
| | ) | |
| LAMAR CHAPMAN, | ) | Honorable |
| | ) | Lawrence Terrell, |
| Defendant-Appellant. | ) | Judge Presiding. |

## ORDER

This matter coming to be heard on Appellant's motion, all parties having been duly notified, and the Court being advised in the premises,

IT IS HEREBY ORDERED:

That an extension of time until October 1, 2007, in which to file Appellant's record is allowed/denied.

_____
PRESIDING JUSTICE

**ORDER ENTERED**

AUG 0 8 2007

DATE: **APPELLATE COURT, FIRST DISTRICT**

_____
JUSTICE

_____
JUSTICE

MICHAEL J. PELLETIER
Deputy Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472
COUNSEL FOR DEFENDANT-APPELLANT

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6484 | **DATE** | 1/2/2008 |
| **CASE TITLE** | Chapman vs. Walker, et al | | |

## DOCKET ENTRY TEXT

Respondent is directed to file a response to the amended habeas petition on or before February 1, 2008. The response shall address the issues outlined in this Order, as well as any other issues Respondent deems relevant. Petitioner shall file a reply on or before February 22, 2008.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Lamar C. Chapman, a state prisoner who is currently out on parole, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges, on numerous grounds, his 2005 state criminal conviction for possession of a stolen vehicle. Petitioner has paid the statutory filing fee; he has also filed an amended habeas petition as directed.

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 generally must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). In fact, the Court notes that a previous habeas action brought by the Petitioner was dismissed for failure to exhaust administrative remedies prior to seeking federal habeas review. *See Chapman v. Dart*, Case No. 06 C 7026 (N.D. Ill.), dismissed by Minute Order of December 28, 2006 (St. Eve, J.).

However, 28 U.S.C. § 2254(b) provides for two exceptions to the general exhaustion requirement: (1) when there exists no state corrective process, and (2) when circumstances render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A failure to exhaust may be deemed excused if the available state corrective process is ineffective–that is, if there exists an inordinate and unjustified delay in the state court proceedings. *Id.; see also, Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993).

Petitioner seeks to bypass state court remedies on the basis that the Illinois Appellate Court has not ruled on either Petitioner's direct appeal or his post-conviction petition, both of which have purportedly been pending for over a year. While there is no bright line rule as to what constitutes "inordinate" delay, the court of appeals for this circuit has found delays of seventeen months and three and one-half years to be inordinate. *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (on direct appeal from conviction, attorney's failure to file appellate brief after seventeen months constituted inordinate delay); *Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (exhaustion excused since post-conviction petition lay dormant for three an one-half years). Particularly because Petitioner's sentence will soon expire, he may therefore be able to establish that he should be permitted to bypass the state process. Respondent will accordingly be given the opportunity to

## STATEMENT

explain the reasons for the delay or to otherwise argue why the exhaustion requirement should not be waived in this case.

Respondent is ordered to answer the amended habeas petition or otherwise plead on or before February 1, 2008. Petitioners' reply is due on or before February 22, 2008.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any filing to the Chief, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Petitioner.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR C. CHAPMAN, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No:  07 CV 5411 |
| | ) | JUDGE DER YEGHIAYAN |
| THE VILLAGE OF FRANKLIN PARK, | ) | MAGISTRATE JUDGE NOLAN |
| ILLINOIS; THE FRANKLIN PARK | ) | |
| POLICE DEPARTMENT; JASON | ) | |
| IGNUS, *in his individual capacity;* | ) | |
| PATROLMAN KONWINSKI, *in his* | ) | |
| *individual capacity;* MOTOR WERKS | ) | |
| OF BARRINGTON, INC.; MOTOR | ) | |
| WERKS PARTNERS, L.P.; PAUL | ) | |
| TAMRAZ, *in his individual capacity;,* | ) | |
| and TIMOTHY MARTIN, *in his* | ) | |
| *individual capacity,* | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF FILING

To:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE on January 28, 2008, I electronically filed with the Clerk of the United States District Court, Dirksen Federal Building, 219 S. Dearborn St., Chicago, Illinois the following:

**Defendants' Reply in Support of Motion for More
Definite Statement Pursuant to Federal Rules of Civil Procedure 12(e)**

　　　　　　　　　　　　s/Katherine A. Sikich
Katherine A. Sikich
IL Bar No. 6290767
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
E-mail: ksikich@mrvlaw.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney, on oath, states on January 29, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

pcuevas@dowdanddowd.com
jgilleran@dowdanddowd.com
pruberry@dowdanddowd.com

I also certify on January 29, 2008, I have mailed by United States Postal Service the foregoing to:

Lamar C. Chapman, III
Alexander, Cavanaugh & Block, LLC
1314 Kensington Road
Post Office Box 5232
Oak Brook, Illinois  60523-5232


s/Katherine A. Sikich
Attorney for Defendants
ARDC # 6290767
Mulherin, Rehfeldt & Varchetto, P.C.
211 S. Wheaton Ave., Suite 200
Wheaton, IL  60187
Telephone: (630) 653-9300
Fax: (630) 653-9316
ksikich@mrvlaw.com



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

MICHAEL J. PELLETIER
DEPUTY DEFENDER

March 1, 2007

Mr. Lamar Chapman
Register No. R-59114
Vienna Correctional Center
P.O. Box 200
Vienna, IL 62995

    People v. *Lamar Chapman*
    Indictment No. 05 C4 40627

Dear Mr. Chapman:

   This letter is to inform you that this office has been appointed to represent you in your case on appeal. Enclosed is an information sheet which explains the procedures we follow in handling appeals and a timetable which explains the approximate length of time the appeal process is expected to take, beginning with the date the notice of appeal is filed.

   A specific attorney in our office will not be assigned to your case until we have received your complete record. We usually receive the complete record six to ten months from the date of our appointment, but there are instances where it takes even longer. When we do receive the record, you will be notified of the attorney assigned to your case. From that point on you should direct any questions to the attorney assigned to your case. The named attorney will handle your case unless another attorney's caseload would permit him/her to work on your case sooner. In the event that your case is reassigned, you will be notified.

   Prior to the assignment of your case to an attorney, should you have any questions, please do not hesitate to write Ms. Mary Grudnowski, the paralegal assigned to your case until an attorney is assigned. Due to budget constraints, Ms. Grudnowski cannot accept your collect calls. If she needs to speak to you, arrangements will be made to accept your collect call.

   Please be aware that Ms. Grudnowski is not an attorney and cannot answer your legal questions. No attorney will be able to answer your legal questions until we have a complete record on your case. The appellate process is unfortunately slow. Know we are doing all we can to move along your case.

Page 2

Finally, it is very important that you keep us informed of your current location.  If you are incarcerated and are transferred to another institution, please notify us of your change of address. If you are being released, and/or are on probation, please notify us of an address and/or phone number where we may contact you.  Pursuant to appellate court rules, we are obligated to keep the appellate court informed of your current address.

It is your responsibility to inform this office of your current location.  If we are unable to contact you, and we determine that the risk of proceeding with your appeal outweighs any possible benefit, then we may move to dismiss your appeal or ask to withdraw as counsel and you will lose your right to appeal your case.  On the other hand, we may decide to proceed with your appeal even though there is a risk to you.  Please keep us informed of your whereabouts so that this does not happen.

Sincerely,

MICHAEL J. PELLETIER
Deputy Defender